REES F. MORGAN (SBN 229899)
STAN ROMAN (SBN 87652)
SARAH PETERSON (SBN 309733)
PHILIP MILLER (SBN 280537)
**COBLENTZ PATCH DUFFY & BASS LLP**
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-rfm@cpdb.com
         ef-sgr@cpdb.com
         ef-sep@cpdb.com

Attorneys for Plaintiffs
RISING TIDE I, LLC; RISING TIDE II, LLC

EUGENE E. STEARNS (Fla. Bar No. 0149335)
[admitted *pro hac vice*]
estearns@stearnsweaver.com
JASON P. HERNANDEZ
(Cal. Bar No.308959; Fla. Bar No. 18598)
jhernandez@stearnsweaver.com
MATTHEW M. GRAHAM (Fla. Bar No. 86764)
[admitted *pro hac vice]*
mgraham@stearnsweaver.com
GISELLE GUTIERREZ (Fla. Bar No. 100254)
[admitted *pro hac vice*]
ggutierrez@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile:  (305) 789-3395

Attorneys for Plaintiffs JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED JUNE 11, 2014, and JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED MARCH 15, 1976

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RISING TIDE I, LLC; RISING TIDE II, LLC, <br><br>Plaintiffs,<br>v.<br><br>MICHAEL FITZSIMMONS; PETER LAI; CHRIS G. POWER; PETER J. GOETTNER; CHRISTIAN BORCHER; ERNEST D. DEL; MARC S. YI; JAMES C. PETERS; AND SOUHEIL S. BADRAN,<br><br>Defendants. | Case No. 17-cv-00851-TSH<br>Case No. 17-cv-01232-TSH<br>Trial Date: December 14, 2020<br><br>**PLAINTIFFS' MOTION TO STRIKE EXPERT REBUTTAL REPORT OF DENNIS CHOOKASZIAN**<br><br>Date:       July 30, 2020<br>Time:       10:00 a.m.<br>Courtroom: 15G |
| JOHN ABDO, as Trustee of the JOHN E. ABDO TRUST DATED JUNE 11, 2014, and JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED MARCH 15, 1976,<br><br>Plaintiffs,<br>v. | |

1   Case Nos. 17-cv-00851-TSH; 17-cv-01232-TSH

**PLAINTIFFS' MOTION TO STRIKE EXPERT REBUTTAL REPORT OF DENNIS CHOOKASZIAN**

MICHAEL FITZSIMMONS; PETER LAI; CHRIS G. POWER; PETER J. GOETTNER; CHRISTIAN BORCHER; ERNEST D. DEL; MARC S. YI; JAMES C. PETERS; AND SOUHEIL S. BADRAN,

   Defendants.

# NOTICE OF MOTION AND MOTION

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, July 30, 2020, at 10:00 a.m., or as soon thereafter as the parties may be heard, in the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Thomas S. Hixson, Courtroom G, on the 15th Floor, Plaintiffs John E. Abdo as the Trustee of the John E. Abdo Trust Dated June 11, 2014 and John E. Abdo as the Trustee of the John E. Abdo Trust Dated March 15, 1976 in Case No. 17-cv-00851-TSH and Rising Tide I, LLC and Rising Tide II, LLC in Case No. 17-cv-01232-TSH (collectively, "Plaintiffs") will, and hereby do, move the Court for an order striking the Expert Report of Dennis Chookaszian, dated May 28, 2020 (the "Chookaszian Rebuttal Report"), submitted by Michael Fitzsimmons, Souheil Badran, Christian Borcher, Ernest Del, Peter Goettner, Peter Lai, James Peters, Christopher Power, and Marc Yi (collectively, "Defendants") pursuant to Rules 37(c)(1) and 26(a) of the Federal Rules of Civil Procedure.

Plaintiffs bring this Motion on the grounds that (i) the Chookaszian Rebuttal Report is a disguised affirmative expert report that is untimely; (ii) there is no substantial justification for its untimeliness; and (iii) the admission of the report would be unfair and prejudicial to Plaintiffs.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and upon such other and further oral and written materials as may be presented at or before the hearing on this matter.

2   Case Nos. 17-cv-00851-TSH; 17-cv-01232-TSH

**PLAINTIFFS' MOTION TO STRIKE EXPERT REBUTTAL REPORT OF DENNIS CHOOKASZIAN**

Respectfully submitted,

DATED: June 22, 2020            COBLENTZ PATCH DUFFY & BASS LLP


                                By:  */s/ Rees F. Morgan*
                                     Rees F. Morgan
                                     Attorneys for Plaintiffs
                                     RISING TIDE I, LLC; RISING TIDE II, LLC


DATED: June 22, 2020            STEARNS WEAVER MILLER WEISSLER
                                ALHADEFF & SITTERSON P.A.


                                By:  */s/ Jason Hernandez*
                                     JASON HERNANDEZ
                                     Attorneys for Plaintiffs
                                     JOHN E. ABDO,
                                     as Trustee of the JOHN E. ABDO TRUST
                                     DATED JUNE 11, 2014, and JOHN E. ABDO,
                                     as Trustee of the JOHN E. ABDO TRUST
                                     DATED MARCH 15, 1976

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Introduction

An expert witness's rebuttal report is proper only if it actually contradicts another expert's affirmative report. Rebuttal reports that do not meet this straightforward test are routinely struck in the Ninth Circuit. Here, Defendants have submitted what purports to be—but is not—a rebuttal report by Dennis Chookaszian. Chookaszian claims to rebut the affirmative report of Steven Berwick, an accountant and valuation expert who will help the jury calculate Plaintiffs' damages by opining that the securities at issue were worthless on the dates Plaintiffs purchased them. By contrast, Chookaszian opines that "Plaintiffs knew or should have known of the serious risks associated with their investments in Delivery Agent and any purported valuations." Chookaszian's opinion is relevant only to Plaintiffs' due diligence and reasonable reliance. It is a non sequitur to Berwick's valuation opinion. It is, in reality, a belated attempt by Defendants to shoehorn into the case expert testimony on an entirely new subject that could have and should have been presented in an affirmative report. Courts condemn such attempts to "sandbag" an adversary. Chookaszian's purported rebuttal report is improper and should be struck and his testimony excluded.

## II.    Factual Background

### A. Plaintiffs' Claims and Defendants' Response to those Claims

Plaintiffs John E. Abdo as the Trustee of the John E. Abdo Trust Dated June 11, 2014 and John E. Abdo as the Trustee of the John E. Abdo Trust Dated March 15, 1976 (together, "Abdo Plaintiffs") allege in their First Amended Complaint that Defendants, all former directors and/or officers of Delivery Agent (or the "Company"), violated various federal and state securities fraud laws in connection with their efforts to sell securities to Plaintiffs. In a separate but related matter, Plaintiffs Rising Tide I, LLC and Rising Tide II, LLC (together, "Rising Tide Plaintiffs") allege substantially similar claims against Defendants.

Defendants deny Plaintiffs' allegations and have asserted over forty affirmative defenses. D.E. Nos. 85-86, 79-80. Among the more relevant defenses for purposes of this Motion are defenses asserting, in sum and substance, that Plaintiffs are sophisticated investors who either knew that the securities deals offered by Delivery Agent were too good to be true or did not do enough diligence to uncover that Delivery Agent was a financially challenged company. For example, Defendants argue that the Plaintiffs "knew or should have known the actual facts that they now claim made any alleged statement of material fact untrue or any alleged omission of material fact necessary to make the statements not misleading." D.E. No. 85, at 93-94; D.E. No. 86, at 69; D.E. No. 79 at 79; D.E. No. 80 at 63. Defendants also claim that Plaintiffs' "own negligence, breaches of duties, actions, omissions, or other fault proximately contributed to the injuries allegedly suffered by Plaintiffs, and bars any recovery to the extent thereof." D.E. No. 85, at 94; D.E. No. 86, at 69; D.E. No. 79 at 79; D.E. No. 80 at 64.

Defendants have attempted to bolster those defenses by, among other things, asking Plaintiffs questions in their depositions meant to probe Plaintiffs' financial acumen and sophistication, challenge Plaintiffs' reliance on the alleged misstatements and omissions, and impugn Plaintiffs' due diligence efforts.[1]

**B.  Deadlines for Expert Discovery, Dispositive Motions**

The parties were required to disclose their affirmative experts and exchange initial expert reports by no later than May 5, 2020. *See* Order Granting Stipulation To Continue Case Management Deadlines [D.E. No. 150] ("Scheduling Order"). Rebuttal experts and their rebuttal reports were due by May 28, 2020. *Id*. Expert discovery is to conclude by June 23, 2020.[2] *Id.* Briefing on dispositive

---

[1] *See, e.g.*, Abdo Dep. Tr. at 42:4-11, 78:14-80:8, 458:10-460:7; O. Hassanein Dep. Tr. at 101:8-110:25.
[2] On Friday, June 19, 2020, Defendants filed an Administrative Motion seeking to extend several case deadlines, including the deadline to conduct expert discovery. *See* Abdo Case, D.E. 159, Rising Tide Case, D.E. 158. Plaintiffs opposed that Motion and specifically oppose extending the time for expert discovery past July 9, 2020. *See* Abdo Case D.E. 161, Rising Tide Case, D.E. 159.

motions is to be completed by August 18, 2020 and a hearing on those motions is scheduled for September 10, 2020. *Id*. Trial is scheduled to begin on December 14, 2020. *Id*.

**C. Affirmative Expert Disclosures**

On May 5, 2020, Plaintiffs timely disclosed to Defendants the report of Steven M. Berwick, one of three affirmative experts that Plaintiffs will rely on.[3] Berwick's report ("Berwick Affirmative Report") is attached as **Exhibit A** to the Declaration of Matthew Graham, Esq. in Support of Plaintiffs' Motion to Strike ("Graham Decl.").

Plaintiffs engaged Berwick, an experienced Certified Public Accountant, to provide an opinion on the value of the subject securities at the time Plaintiffs purchased them. Berwick Affirmative Report, at ¶ 13. Berwick's testimony is offered to establish Plaintiffs' out-of-pocket damages, which is the difference between what the Plaintiffs paid and what they received. To perform his valuation, Berwick considered the three most common valuation approaches—the income-based, asset/cost-based, and market-based approaches—and concluded that the asset/cost-based approach was most appropriate for valuing the subject securities. *Id*., at ¶¶ 22-46. Applying the asset/cost-based approach, Berwick concluded that Delivery Agent's equity value was at all times less than zero, and the securities purchased by Plaintiffs between June 18, 2014 and April 20, 2016 were worthless on the dates they were bought. Nowhere in his report does Berwick discuss or address Plaintiffs' due diligence or their reliance on any of the alleged misrepresentations or omissions.

On May 5, 2020, Defendants disclosed to Plaintiffs the report of Dennis Chookaszian, who offered the opinion that the Defendants "acted in accordance with principles of good corporate

---

[3] Plaintiffs also disclosed to Defendants the following affirmative experts: James F. Miller, a loss causation expert who has opined that the alleged material misrepresentations and omissions cited by Plaintiffs in their respective First Amended Complaints were a substantial cause of Plaintiffs' losses, and Robert C. Furr, a bankruptcy expert who has issued a report stating that Plaintiffs' securities have no present value in Delivery Agent's bankruptcy and that Plaintiffs will receive no distribution on account of those securities in Delivery Agent's bankruptcy.

governance following certain events in 2014" ("Chookaszian Affirmative Report").[4] None of Defendants' affirmative reports, including the Chookaszian Affirmative Report, offer any expert testimony attacking Plaintiffs' diligence efforts or otherwise commenting on the reasonableness of their reliance on Defendants' misrepresentations and omissions.

### D. Defendants Disclose Dennis Chookaszian's Purported Rebuttal Report

On May 28, 2020, Defendants disclosed Dennis Chookaszian's rebuttal report ("Chookaszian Rebuttal Report") (**Exhibit B** to Graham Decl.). The Chookaszian Rebuttal Report purports "to review and respond to certain conclusions made in the Berwick Report." *See* Chookaszian Rebuttal Report, at ¶ 2. Chookaszian, however, candidly admits that he was "not [] asked to opine upon the accuracy of the valuation in the Berwick Report," but instead to "opine solely on the factors relied upon by Mr. Berwick in reaching his valuation and any potential impact on Plaintiffs' investment decisions." *Id.*, at ¶ 2, n.4. Chookaszian summarized his "rebuttal" as follows:

> Based upon my review of the relevant documents, my experience as an investor in numerous non-public companies, and a finance academic, as well as my experience on the boards of various private companies, I have concluded that Plaintiffs, as sophisticated investors, knew or reasonably should have known of the serious risks in investing in [DA], especially in light of the Going Concern Opinions, [DA]'s lack of profitability, and numerous rounds of financing. Appropriate due diligence would have revealed the purported valuation of Delivery Agent and Plaintiffs' securities as of the investment dates. Therefore, any loss suffered by Plaintiffs was reasonably foreseeable at the time of their investments given the numerous known risks associated with their investments.

*Id.*, at ¶ 3.

### III.    Legal Standard

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witness they may use at trial. Rule 26(a)(2)(D)(ii) authorizes rebuttal expert

---

[4] Defendants also disclosed to Plaintiffs the following affirmative experts: Dr. Marc Zenner, who opined on "the causes of Delivery Agent's inability to complete an IPO" ("Zenner Affirmative Report"), and Christopher Lee, a former Delivery Agent employee, who will testify regarding Delivery Agent's interactive technology Delivery Agent attempted to use during the 2014 Super Bowl H&M ad campaign. Because Mr. Lee is not a paid expert, he submitted a summary of his opinions and not an expert report.

evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party[.]" "'[R]ebuttal' experts . . . cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Bakst v. Cmty. Mem'l Health Sys., Inc.*, Case No. CV 09-08241 MMM, 2011 WL 13214315, at *34 (C.D. Cal. Mar. 7, 2011) (internal citations and quotations omitted). "Affirmative expert opinions" are improper at the rebuttal stage; only "rebuttal opinions" are permissible. *Clear-View Techs., Inc. v. Rasnick*, Case No. 13-cv-02744-BLF, 2015 WL 3509384, at *1 (N.D. Cal. June 3, 2015) (striking purported rebuttal report that contained "affirmative expert opinions rather than rebuttal opinions").

Courts have also cautioned against reading the phrase "same subject matter" in Rule 26(a)(2)(D)(ii) "broadly to encompass any possible topic that relates to the subject matter at issue," because such a reading would "blur the distinction between 'affirmative expert' and 'rebuttal expert,'" "render the scope of the subject matter limitless," and "lead to unjust results." *Bakst*, 2011 WL 13214315, at *35 (quoting *Vu v. McNeil–PPC, Inc.*, Case No. CV 09-1656 ODW, 2010 WL 2179882 (C.D. Cal. May 7, 2010)).

Rule 37(c)(1) "gives teeth" to the limitations in Rule 26(a) by "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Petersen v. Costco Wholesale Co. Inc.*, Case No. SA CV 13-1292-DOC, 2017 WL 11046667, at *3 (C.D. Cal. May 1, 2017) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Where a movant shows a violation of Rule 26(a), the party facing sanctions—here, Defendants—must prove substantial justification or harmlessness for their failure to timely produce the subject expert evidence, or the evidence will be stricken. *See Yeti by Molly*, 259 F.3d at 1107.

### IV. The Chookaszian Rebuttal Report Is Improper

The Chookaszian Rebuttal Report fails all of the relevant tests for rebuttal reports. It does not rebut the opinions in the Berwick Affirmative Report, or even address the same subject matter. It should have been produced as an affirmative report. This Court should strike the Chookaszian Rebuttal Report and preclude Chookaszian from offering testimony on the matters discussed therein.

The Berwick Affirmative Report is a valuation analysis of Plaintiffs' securities. Berwick employed standard accounting and valuation techniques to place a monetary value on Plaintiffs' securities to help the jury apply an out-of-pocket measure of Plaintiffs' damages. *See Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1030 (9th Cir. 1999) (One "measure of damages for securities fraud claims under Rule 10b-5 is out-of-pocket loss; that is, the difference between the value of what the plaintiff gave up and the value of what the plaintiff received.") (citing *DCD Programs v. Leighton*, 90 F.3d 1442, 1449 (9th Cir. 1996)). It is a damages report, not a diligence or reliance report. Indeed, Berwick does not discuss Plaintiffs' due diligence efforts or their reliance on any of the alleged misrepresentations or omissions.

The Chookaszian Rebuttal Report, on the other hand, is a report about due diligence and reasonable reliance. It is a rebuttal in name only and an improper attempt to belatedly introduce testimony on an entirely new subject under the guise of "rebuttal." The following points from Chookaszian's purported rebuttal report are illustrative:

- "Plaintiffs are sophisticated venture-stage investors who invested in Delivery Agent between 2014 and 2016. Through their prior, extensive investing experience, Plaintiffs were aware of the various risks associated with investing, including those associated with a new technology."
- "It is inconceivable to me that Plaintiffs, as experienced venture-stage investors and experts on due diligence, would have invested in Delivery Agent without having read these Going Concern Opinions that Mr. Berwick relies so heavily on for his conclusions." *Id.*, at ¶ 10.
- "Plaintiffs were either grossly negligent in their evaluation of the situation, or were well-aware of the fact that Delivery Agent was repeatedly unprofitable and had major accounting firms question their ability to remain as a 'going concern.'

**PLAINTIFFS' MOTION TO STRIKE EXPERT REBUTTAL REPORT OF DENNIS CHOOKASZIAN**

As such, Plaintiffs had to know there was a significant risk of investing in Delivery Agent." *Id.*, at ¶ 11 (footnote omitted).

- "Mr. Berwick's report accurately indicates that Plaintiffs did not invest until the Series F financing round. This fact alone, evincing the number of financing rounds the company had previously engaged in, should have placed Plaintiffs on notice of Delivery Agent's valuation at the time and the serious risk of investing. . . . That Plaintiffs invested in Series F and G rounds indicates that they understood these investments involved elevated risks. Any sophisticated investor would know this." *Id.*, at ¶ 12 (footnote omitted).

- "Plaintiffs were also provided with various deal protections for each of their investments. . . . In my experience, such protections are made available to investors in later rounds when an investment opportunity has a high degree of risk." *Id.*, at ¶ 13 (footnote omitted).

None of the points raised in the Chookaszian Rebuttal Report actually rebut anything in the Berwick Affirmative Report. They do not undermine Berwick's opinions, the bases for his opinions, or the reliability of the information he considered when formulating his opinions. In fact, the Chookaszian Rebuttal Report actually *agrees* with Berwick's methodology and conclusions. *See, e.g.*, Chookaszian Rebuttal Report, at ¶ 9 (agreeing with Berwick that auditors "issued Going Concern Opinions on Delivery Agent for the years ending in 2011, 2012, 2013, 2014 and 2015"); *id.*, at ¶ 11 (agreeing with Berwick that Delivery Agent had not been profitable and "had accumulated at least $146 million of losses"). Because the Chookaszian Rebuttal Report does not contradict any of the opinions offered by Berwick, it is improper rebuttal and should be struck. *See Petersen*, 2017 WL 11046667, at *3 (striking "rebuttal" evidence that did not contradict the initial expert and agreed with the affirmative report); *Bakst*, 2011 WL 13214315, at *35 (precluding rebuttal expert's testimony because, among other things, expert's report and testimony "did not directly refute any opinions" offered by the opposing expert).

Moreover, Chookaszian's purported rebuttal does not even address the same subject matter as Berwick's Affirmative Report. Chookaszian simply uses the financial information that Berwick cited in his affirmative report to determine the value of Plaintiffs' securities as a springboard to offer opinions on a different subject—i.e., Plaintiffs' diligence and the reasonableness of their reliance.

*See, e.g.*, Chookaszian Rebuttal Report, at ¶ 11 (opining that Plaintiffs knew or should have known of risks of investing in Delivery Agent due to lack of profitability and auditor's going concern warnings). The Chookaszian Rebuttal Report is thus improper rebuttal and should be struck. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, Case No. 16-cv-06370-EJD, 2019 WL 4780183, at *1 (N.D. Cal. Sept. 30, 2019) (granting motion to exclude the testimony of a rebuttal expert because his "opinions simply do not concern the same subject matter" as the opposing expert's testimony); *Int'l Business Machines Corp. v. Fasco Indus., Inc.*, C-93-20326 RPA. 1995 WL 115421 (N.D. Cal. Mar. 15, 1995) (rebuttal experts "must restrict their testimony to attacking the theories offered by the adversary's experts") (cited by *Vu*, 2010 WL 2179882, at *2); *Vu*, 2010 WL 2179882, at *2 (striking rebuttal experts' reports and precluding them from testifying because the "experts opinions go beyond the boundaries" of the opposing expert's report); *People v. Kinder Morgan Energy Partners, L.P.*, 159 F. Supp. 3d 1182, 1188 (S.D. Cal. 2016) (granting motion to strike rebuttal expert's report and prohibiting his testimony because report and testimony were "not proper rebuttal").

The points contained in Chookaszian's purported rebuttal report could have and should have been raised in an affirmative report. "[A] defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness.'" *Morgan v. Commercial Union Assur. Cos.*, 606 F.2d 554, 556 (5th Cir. 1979). Reliance is an essential element of Plaintiffs' Rule 10b-5 claims. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005) ("The elements of a Rule 10b–5 claim are: (1) a misrepresentation or omission of a material fact; (2) scienter; (3) causation; (4) reliance; and (5) damages). The Chookaszian Rebuttal Report attempts to show that Plaintiffs did not reasonably rely on Defendants' misrepresentations and omissions. It is improper rebuttal testimony that Defendants should have offered as affirmative testimony if they wanted to present it to the jury. Accordingly,

the Chookaszian Rebuttal Report is improper rebuttal and should be struck. *See Clear-View Techs., Inc.*, 2015 WL 3509384, at *1 (granting motion to strike rebuttal expert's report because his opinions were "affirmative expert opinions rather than rebuttal opinions").

### V. Plaintiffs Are Prejudiced By Defendants' Belated And Unjustified Submission Of The Chookaszian Rebuttal Report

Because the Chookaszian Rebuttal Report is improper rebuttal, Defendants bear the burden of establishing substantial justification or harmlessness for their failure to timely introduce the subject expert testimony. *See* Fed R. Civ. P. 37(c)(1); *see also Yeti by Molly*, 259 F.3d at 1107. Defendants cannot establish either.

To allow Chookaszian's purported rebuttal testimony at this juncture would cause Plaintiffs to suffer "obvious prejudice" because Plaintiffs are unable to offer an opposing expert to rebut the Chookaszian Rebuttal Report since the deadline for submitting a rebuttal report has long past. *See Petersen*, 2017 WL 11046667, at *4; *see also Martinez v. Cty. of San Benito*, Case No. 15-cv-00331-JST, 2018 WL 1863013, at *2 (N.D. Cal. Apr. 18, 2018) ("[U]ntimely disclosures are not harmless").

Moreover, there is no time in the case schedule to extend expert discovery without substantially pushing back the deadlines for the filing of dispositive motions and the trial date, and thereby prejudicing Plaintiffs. "Disruption to the schedule of the court and other parties . . . is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005); *see also Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 2019 WL 468809, at *4 (N.D. Cal. Feb. 6, 2019) ("A party's preference for a different schedule than the one actually imposed by the Court does not itself amount to 'substantial justification' for later amendments to expert reports served in accordance with deadlines set by the Court."). Plaintiffs have waited nearly three-and-a-half years

for their day in court. No further delay is justified. *See Martinez*, 2018 WL 1863013, at *2 (finding that an extension of time for additional expert discovery would "undoubtedly delay the briefing on Defendants' motion for summary judgment and impact the trial date" and was not harmless); *Internet Servs. LLC v. Immersion Corp.*, Case No. C-06-02009 CW, 2008 WL 2051028, at *2 (N.D. Cal. May 13, 2008) (reopening expert discovery "would likely delay the trial," which was not harmless). This is particularly true here since Defendants have long known that they would be challenging Plaintiffs' due diligence efforts and the reasonableness of their reliance on Defendants' misrepresentations and omissions. Indeed, Defendants asserted affirmative defenses relevant to these subjects in July 2018 and took deposition testimony from Plaintiffs on these subjects in August 2019 and January 2020. *See, e.g.*, D.E. Nos. 85-86, 79-80; Abdo Dep. Tr., at 42:4-11, 78:14–80:8, 458:10–460:7; O. Hassanein Dep. Tr., at 101:8–110:25.

Finally, extending expert discovery would also prejudice Plaintiffs by compelling them to incur additional expenses that they should not be forced to bear. *See Rovid v. Graco Children's Prod. Inc.*, Case No. 17-cv-01506-PJH, 2018 WL 5906075, at *12 (N.D. Cal. Nov. 9, 2018), *appeal dismissed*, 2019 WL 1522786 (9th Cir. Mar. 7, 2019) (holding that additional "litigation activity expenses" associated with re-opening expert discovery constitutes sufficient prejudice); *see also Bell v. United States*, 2013 WL 12072523, at *3 (S.D. Cal. Nov. 25, 2013) (same).

## VI.  Conclusion

For the reasons given above, this Court should (i) strike the Chookaszian Rebuttal Report; (ii) preclude Chookaszian from offering trial testimony about any opinion in the Chookaszian Rebuttal Report; and (iii) preclude Defendants' counsel from using any opinion offered in the Chookaszian Rebuttal Report during motion practice or at any hearing.

| | | |
|---|---|---|
| DATED: June 22, 2020 | | COBLENTZ PATCH DUFFY & BASS LLP |

By: */s/ Rees F. Morgan*
Rees F. Morgan
Attorneys for Plaintiffs
RISING TIDE I, LLC; RISING TIDE II, LLC

DATED: June 22, 2020    STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON P.A.

By: */s/ Jason Hernandez*
JASON HERNANDEZ
Attorneys for Plaintiffs
JOHN E. ABDO,
as Trustee of the JOHN E. ABDO TRUST DATED JUNE 11, 2014, and JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED MARCH 15, 1976

DATED: June 22, 2020    BAKER BOTTS, L.L.P.

By: */s/ Jonathan A. Patchen*
JONATHAN A. PATCHEN
Attorneys for Plaintiffs
JOHN E. ABDO,
as Trustee of the JOHN E. ABDO TRUST DATED JUNE 11, 2014, and JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED MARCH 15, 1976