# EXHIBIT A



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED JUNE 11, 2014, and JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED MARCH 15, 1976,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>MICHAEL R. FITZSIMMONS, PETER LAI, CHRISTOPHER G. POWER, PETER J. GOETNER, CHRISTIAN BORCHER, ERNEST D. DEL, MARC S. YI, JAMES C. PETERS, and SOUHEIL S. BADRAN,<br><br>　　　　　Defendants. | CASE NO.: 17-cv-00851 TSH<br><br><br><br><br>Trial date: December 14, 2020<br><br>Honorable Magistrate Thomas S. Hixson |
| RISING TIDE I, LLC; RISING TIDE II, LLC,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MICHAEL FITZSIMMONS; PETER LAI; CHRIS G. POWER; PETER J. GOETTNER; CHRISTIAN BORCHER; ERNEST D. DEL; MARC S. YI; JAMES C. PETERS; AND SOUHEIL S. BADRAN,<br><br>　　　　　Defendants. | CASE NO.: 17-cv-01232 TSH |

---

## Expert Witness Report of
## Steven M. Berwick, CPA, CVA, CITP, CFF

## May 5, 2020

2699 S. BAYSHORE DRIVE
MIAMI, FL 33133
KAUFMANROSSIN.COM



*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

**Table of Contents**

I.      BACKGROUND ............................................................................................... 0

II.     THE ENGAGEMENT ...................................................................................... 1

III.    SUMMARY OF OPINIONS ............................................................................ 3

IV.     GROUNDS AND BASES FOR OPINIONS ...................................................... 3

V.      DATA AND OTHER INFORMATION CONSIDERED ................................. 16

VI.     PENDING DISCOVERY AND ASSIGNMENT CONTINUATION ............................. 17

VII.    EXPERT QUALIFICATIONS ........................................................................ 16

VIII.   EXPERT COMPENSATION .......................................................................... 17

## I.    BACKGROUND[1]

1.    Delivery Agent, Inc. ("Delivery Agent" or the "Company") was an e-commerce company that touted its pioneering development of the burgeoning television-commerce space, known as "t-commerce."  Delivery Agent claimed that it developed interactive technology to connect television viewers to products seen on TV, so that a viewer could instantly purchase those products through their smart TV using the TV's remote control or another device.

2.    The Plaintiffs (collectively "Plaintiffs") in these matters are John E. Abdo ("Abdo") as the Trustee of the both the John E. Abdo Trust Dated June 11, 2014 ("Abdo 2014 Trust") and the John E. Abdo Trust Dated March 15, 1976 ("Abdo 1976 Trust"), Rising Tide I, LLC ("RTT-I"), and Rising Tide II, LLC ("RTT-II").  From June 2014 through April 2016, Delivery Agent issued and sold securities to Plaintiffs in the form of preferred stock, stock warrants, and convertible promissory notes in order to cover a cash-flow shortfall that was purported to be short-term in light of an Initial Public Offering ("IPO") that Plaintiffs allege they were told was coming soon.

3.    Defendant Michael R. Fitzsimmons ("Fitzsimmons") was Delivery Agent's Chief Executive Officer and a member of Delivery Agent's Board of Directors ("BOD").

4.    Defendant Peter Lai was Delivery Agent's President and Chief Operating Officer until January 2015, and thereafter the President of Ecommerce.

---

[1] This section is intended to reflect my understanding of the general fact pattern of these matters.  This section is not intended to represent any expert opinions, legal opinions or findings of facts that are at issue for the trier of fact in these matters.

5.      Defendant Christopher G. Power was a member of Delivery Agent's BOD and was the Chairman of the Audit Committee.

6.      Defendant Peter J. Goettner ("Goettner") was a member of Delivery Agent's BOD, a member of the Audit Committee, and a member of the Nominating and Governance Committee.

7.      Defendant Christian Borcher ("Borcher") was a member of Delivery Agent's BOD, a member of the Audit Committee, and the Chairman of the Nominating and Governance Committee.

8.      Defendant Marc S. Yi ("Yi") was a member of Delivery Agent's BOD and a member of the Nominating and Governance Committee.

9.      Defendant Souheil S. Badran was a member of Delivery Agent's BOD during the period of January 2014 through April 2015.

10.     Defendant James C. Peters was Delivery Agent's Chief Operating Officer from January 2015 through September 15, 2016 and was a member of Delivery Agent's BOD from December 2014 through September 15, 2016.

11.     Defendant Ernest D. Del was a member of Delivery Agent's BOD.

12.     On December 15, 2017, Plaintiffs filed First Amended Complaints for Violation of Federal Securities Laws and California Securities Laws ("Complaints") against Defendants in the U.S. District Court for the Northern District of California.

## II.    THE ENGAGEMENT

13.     Kaufman, Rossin & Co. ("KR", "I", or "We") was retained by Plaintiffs' counsel ("Counsel").  We were asked to determine the fair market value of Delivery Agent and the subject securities at the various dates of investment by Plaintiffs.  In determining the fair

market value, we were asked by Counsel to assume that beginning on March 12, 2014 and

throughout the dates of Plaintiffs' investments in Delivery Agent:

(a)     Delivery Agent could not achieve an IPO;

(b)     No investments made by investors unaffiliated with Defendants should be considered as arm's length investments for purposes of determining the fair market value of Delivery Agent and the subject securities;

(c)     Delivery Agent's demonstration of its t-commerce technology at Super Bowl XLVII failed to display properly on certain Samsung smart TV's as intended and did not achieve the number of sales desired by Delivery Agent and its customer H&M; and

(d)     Delivery Agent's interactive t-commerce technology was not commercially viable, either in terms of making Delivery Agent profitable or as constituting an asset with material value.

It is my understanding that the purpose of making these assumptions is to allow a

determination of what the fair market value of Delivery Agent and the subject securities

would have been on the valuation dates taking into account what Plaintiffs assert were the

true facts, i.e., (a) that Delivery Agent could not, in fact, achieve an IPO because of matters

allegedly concealed from Plaintiffs, (b) that investors unafilliated with Defendants (such

as Plaintiffs) invested without knowing material facts about Delivery Agent and its

prospects, and (c) that the t-commerce technology was not a market-ready technology (and

encountered problems in its first-ever test run), as was represented to (or concealed from)

Plaintiffs.

14.    I was asked to prepare an expert report setting forth my opinions and the bases for them.  I

was not asked to consider any questions of liability and therefore I offer no opinions related

to liability.

15.    I, Steven M. Berwick, a partner of KR, have directed this engagement, and am being

offered as an expert witness in this matter.

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

## III.    SUMMARY OF OPINIONS

16.    Based upon my review of the documents and information produced, and the assumptions provided, from June 2104 through April 2016, the equity value of the Company was at all times less than zero.[2]  Therefore, taking into account the assumptions set forth herein and considering the material information allegedly misrepresented to and withheld from Plaintiffs, the securities purchased by Plaintiffs between June 18, 2014 and April 20, 2016 were worthless on the dates of purchase.[3]

## IV.    GROUNDS AND BASES FOR OPINIONS

17.    In formulating my opinions, I reviewed Plaintiffs' Complaints, as well as other documents produced as part of discovery in this matter listed at **Exhibit C** of this report.  My opinions have been determined within reasonable certainty.

18.    From June 2014 through April 2016, Delivery Agent issued and sold $18 million of securities to Abdo in the form of preferred stock, stock warrants, and convertible promissory notes.  The following table summarizes the securities Delivery Agent sold to Abdo:

| | Securities Purchased by Plaintiff - Abdo | | | | |
|---|---|---|---|---|---|
| Purchase Date | Purchaser | Amount Paid | # of Shares | Security | |
| 6/18/14 | Abdo 2014 Trust | $5,000,000 | 5,504,789 | Series F Preferred Stock & Warrants | (1) |
| 9/24/14 | Abdo 2014 Trust | $5,000,000 | 5,504,789 | Series F Preferred Stock | (2) |
| 1/13/15 | Abdo 2014 Trust | $5,000,000 | 5,504,789 | Series F Preferred Stock & 120-day Warrant | (3) |
| 4/20/15 | Abdo 1976 Trust | $1,000,000 | 1,320,132 | Series G Preferred Stock | (4) |
| 7/21/15 | Abdo 1976 Trust | $1,000,000 | N/A | Convertible Promissory Note | (5) |
| 4/20/16 | Abdo 1976 Trust | $1,000,000 | N/A | Convertible Promissory Note | (5) |
| | | $18,000,000 | | | |

Footnotes:
(1) Source: Series F Preferred Stock certificate dated 6/18/14; Bates ABDO000095- ABDO000096 ; Warrant docs ABDO012256-ABDO012263, ABDO012319-ABDO012319, ABDO000327-ABDO000331.
(2) Source: Series F Preferred Stock certificate dated 9/24/14; Bates ABDO005046- ABDO005047.
(3) Source: Series F Preferred Stock certificate dated 1/13/15; Bates LEVAN002929- LEVAN002930; Warrant docs ABDO012256-ABDO012263, ABDO012319-ABDO012319, ABDO000327-ABDO000331.
(4) Source: Series G Preferred Stock certificate dated 4/20/15; Bates ABDO000514-ABDO000515.
(5) Source: Official Form 410, Proof of Claim against Delivery Agent, Inc., by John E. Abdo, dated 1/9/17.

---

[2] See chart below paragraph 38.
[3] The relevant valuation dates revolve around the investments Plaintiffs made in Delivery Agent from June 2014 through April 2016 ("Valuation Dates").

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

19.    From August 2014 through March 2016, Delivery Agent issued and sold $16.7 million of securities to RCC-I and RCC-II in the form of preferred stock, stock warrants, and convertible promissory notes.  The following table summarizes the securities Delivery Agent sold to RCC-1 and RCC-II:

| Securities Purchased by Plaintiff - Rising Tide | | | | | |
|---|---|---|---|---|---|
| Purchase Date | Purchaser | Amount Paid | # of Shares | Security | |
| 8/25/14 | Rising Tide I, LLC | $10,000,000 | 11,009,578 | Series F | (1) |
| 4/20/15 | Rising Tide II, LLC | $2,500,000 | 3,300,330 | Series G | (2) |
| 7/21/15 | Rising Tide I, LLC | $3,500,000 | N/A | Sub. Notes | (3) |
| 3/30/16 | Rising Tide I, LLC | $651,805 | N/A | Sub. Notes | (4) |
| | | $16,651,805 | | | |

Footnotes:

(1) Source: Series F Preferred Stock certificate dated 8/25/14 and relaeted Series F. Preferred Stock Purchase Warrant (not Bates stamped).

(2) Source: Series F Preferred Stock certificate dated 4/20/15 and related Common Stock Purchase Warrant (not Bates stamped).

(3) Source: Proof of Claime Form 410 dated 10/26/16 and Convertivle Promissory Note dated 7/21/15 (not Bates stamped).

(4) Source: Proof of Claime Form 410 dated 10/26/16 and Convertivle Promissory Note dated 3/30/16 (not Bates stamped).

20.    In our determination of the fair market value of Delivery Agent, we followed commonly applied business valuation techniques and we performed a conclusion of value engagement as of the Valuation Dates.  We followed the approaches set forth in the SSVS-1,[4] including that we fully considered the circumstances at the Valuation Dates and we did not consider conditions that arose subsequent to the Valuation Dates if that information was not known or knowable.

---

[4] American Institute of CPA (AICPA)'s Consulting Services Executive Committee. *Statement on Standards for Valuation Services-1 (SSVS No. 1)*, **Valuation of a Business, Business Ownership Interest, Security, or Intangible Asset**.

4

### Standard of Value

21.  We are using Fair Market Value ("FMV")[5] as the standard of value.

### Premise of Value

(a)  The valuator first needs to determine the appropriate premise of value,[6] which can be either "going concern value" or "liquidation value."[7] Going concern value assumes the company is expected to operate into the future and be profitable. We have determined the Company was not a going concern based on the following factors that existed as of December 31, 2013 and on the Valuation Dates:

(b)  The Company had never been profitable and had accumulated at least $146 million of losses;

(c)  The Company's liabilities exceed its assets by at least $25 million on all relevant dates;

(d)  The Company's auditors included in their opinions an emphasis of a matter paragraph indicating "substantial doubt" that the Company could continue as a going concern. This is one of the strongest negative cautionary statements an auditor can issue in its audit report; and

(e)  Counsel has asked us to assume the matters set forth in Paragraphs 13 and 46 herein.

Based on the above, we have determined liquidation value is the proper premise of value.

### Valuation Approaches

22.  According to SSVS-1, in developing the valuation, the valuation analyst should consider the three most common valuation approaches:[8]

---

[5] Defined in the International Glossary of Business Valuation Terms: **Fair Market Value**—"the price, expressed in terms of cash equivalents, at which property would change hands between a hypothetical willing and able buyer and a hypothetical willing and able seller, acting at arm's length in an open and unrestricted market, when neither is under compulsion to buy or sell and when both have reasonable knowledge of the relevant facts."

[6] Defined in the International Glossary of Business Valuation Terms: **Premise of Value**—"an assumption regarding the most likely set of transactional circumstances that may be applicable to the subject valuation; e.g. going concern, liquidation."

[7] Defined in the International Glossary of Business Valuation Terms: **Liquidation Value**— "the net amount that would be realized if the business is terminated and the assets are sold piecemeal. Liquidation can be either 'orderly' or 'forced.'"

[8] SSVS-1, ¶31.

- Income (Income-based) approach ("Income Approach");[9]

- Asset (Asset-based) approach, or cost approach ("Asset Approach");[10] and

- Market (Market-based) approach ("Market Approach").[11]

23.    The valuation analyst should use the valuation approaches and methods that are appropriate for the valuation engagement.[12]

### Income Approach

24.    The Income Approach includes methods under which the valuator estimates the value of a business based upon expected future cash flows.  Two frequently used valuation methods under the Income Approach include the capitalization of benefits method (for example, earnings or cash flows) and the discounted future benefits method, also known as the discounted cash flows ("DCF"), method[13] with a terminal value determined based upon the capitalization of benefits method.

---

[9] Defined in the International Glossary of Business Valuation Terms: **Income Approach** – "a general way of determining a value indication of a business, business ownership interest, security, or intangible asset using one or more methods that convert anticipated economic benefits into a present single amount."

[10] Defined in the International Glossary of Business Valuation Terms: **Asset Approach** – "a general way of determining a value indication of a business, business ownership interest, or security using one or more methods based on the value of the assets net of liabilities."

[11] Defined in the International Glossary of Business Valuation Terms: **Market Approach** – "a general way of determining a value indication of a business, business ownership interest, security, or intangible asset using one or more methods that compare the subject to similar businesses, business ownership interests, securities, or intangible assets that have been sold."

[12] SSVS-1, ¶32.

[13] Defined in the International Glossary of Business Valuation Terms: the DCF method is "a method within the income approach whereby the present value of future expected net cash flows is calculated using a discount rate."

25.    In considering the use of the Income Approach, we first reviewed the historical income

statements through December 31, 2015 (the last financial statement available).  The table

below summarizes the historical annual losses from 2007 to 2015:

| Delivery Agent - Income Statement Summary | | | |
|---|---|---|---|
| Year | Revenues | Income (Loss) from Operations | Net income (losses) |
| 2007 | $22,569 | ($11,245) | ($11,245) [1] |
| 2008 | $36,020 | (11,862) | (11,643) [1] |
| 2009 | $56,601 | (18,369) | (20,035) [1] |
| 2010 | $81,654 | (23,379) | (24,288) [1] |
| 2011 | $85,275 | (21,041) | (23,199) [1] |
| 2012 | $91,557 | (25,459) | (25,811) [2] |
| 2013 | $108,569 | (18,141) | (20,967) [2] |
| 2014 | $132,985 | (34,415) | (43,298) [3] |
| 2015 | $175,297 | (36,074) | (50,384) [3] |
| **Cumulative Net Income (Loss)** | | **($129,496)** | **(230,870)** |

Footnotes:
(1) Source: FSCG Valuation dated July 1, 2014; Bates DEF_054668.
(2) Source: Delivery Agent 2012/2013 Audited Financial Statements; Bates CONNEKT 0432606.
(3) Source: Delivery Agent 2014/2015 Audited Financial Statements; Bates GT 06662.

26.    As can be seen in the table above, over the nine years from 2007 to 2015, Delivery Agent

was never able to achieve a profit and accumulated over $231 million of net losses.

Leading up to the first purchase of securities by Abdo (6/18/14) as well as RCC-I and RCC-

II (8/25/14), Delivery Agent was projecting continuing losses, including a projected

EBITDA[14] loss of over $13 million for 2014.[15]

---

[14] EBITDA = Earnings Before Interest Taxes Depreciation and Amortization.
[15] See Delivery Agent BOD 4/29/14 presentation documents; Bates CONNEKT 0654139- CONNEKT 0654192.

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

27.    Although revenues continued to trend up, the EBITA losses continued to worsen, as reflected in the following chart.[16]



28.    In fact, the Company's auditors concluded that the recurring losses and accumulated deficit raised serious doubt about the Company's ability to continue a going concern:[17]

> KPMG, LLP - Audit Report dated October 18, 2012:[18]
> *"As discussed in Note 1 to the consolidated financial statements, the Company has suffered recurring losses and negative cash flows from operations and has an accumulated deficit that raise substantial doubt about its ability to continue as a going concern."*

> Deloitte & Touche, LLP - Audit Report dated February 5, 2014:[19]
> *"As discussed in Note 1 to the consolidated financial statements, the Company has suffered recurring losses and negative cash flows from operations and has an*

---

[16]  Source: Delivery Agent 2012/2013 Audited Financial Statements; Bates CONNEKT 0432606 and Delivery Agent 2014/2015 Audited Financial Statements; Bates GT06662.

[17]  Defined in the International Glossary of Business Valuation Terms: **Going Concern** – "an ongoing operating business enterprise."

[18]  See KPMG, LLP Independent Auditors Report dated October 18, 2012, for the year January 2, 2012; Bates GT07531-GT07561, specifically GT07532.

[19]  See Deloitte Independent Auditors Report dated February 5, 2014, for the year December 31, 2012; Bates DT0000333-DT0000360, specifically DT0000336.

> *accumulated deficit that raise substantial doubt about its ability to continue as a going concern."*

> Grant Thornton, LLP - Audit Report dated April 30, 2015:[20]
> *"As discussed in Note 1 to the financial statements, the Company has incurred recurring operating losses and negative cash flows from operations, and as of December 31, 2013, had an accumulated deficit of $146,452,686. These conditions, along with other matters as set forth in Note 1, raise substantial doubt about the Company's ability to continue as a going concern. Management's plans in regard to these matters are also described in Note 1."*

29. Grant Thornton, LLP also included a going concern emphasis of a matter paragraph in their audit reports dated August 7, 2015 for the year ended December 31, 2014 and their report dated September 1, 2016 for the year ended December 31, 2015.

30. Based on our determination that liquidation value is the proper premise of value, the history of losses, the projected continuing losses, and the assumptions set forth in Paragraph 13 above, the income approach is not appropriate to value the subject company.

### *Market Approach*

31. When utilizing a Market Approach, the available methods[21] for valuing a business, business ownership interest, or security are as follows:

- Guideline Public Company Method – "a method within the market approach whereby market multiples are derived from market prices of stocks of companies that are engaged in the same or similar lines of business and that are actively traded on a free and open market."
- Guideline Company Transactions Method[22] – "a method within the market approach whereby pricing multiples are derived from transactions of significant interests in companies engaged in the same or similar lines of business."
- Guideline sales of interests in the subject entity – "such as business ownership interests or securities."

---

[20] See Grant Thorton Independent Auditors Report dated April 30, 2015, for the years ended December 31, 2012 and 2013; Bates CONNEKT 0432601- CONNEKT 0432638, specifically CONNEKT 0432604.
[21] SSVS-1.
[22] Also referred to as the Merger and Acquisition Method.

32.    We performed a search based on Standard Industrial Classification (SIC) for guideline public companies utilizing S&P Capital IQ. We located companies, including the same companies selected in valuations performed for the Company beginning in 2013.[23] However, the vast majority had positive EBITDA, sufficient capital, and none had going concern opinions from their auditors. Accordingly, the guideline public company method is inappropriate to value the Company.

33.    We also performed a search based on Standard Industrial Classification (SIC)[24] for guideline transactions from both DealStats®, a product of Business Valuation Resources, and S&P Capital IQ. We did locate a small number of transactions with negative EBITDA or negative equity, but we deemed those not comparable to the Company. Accordingly, the guideline company transactions method is inappropriate to value the Company.

34.    In consideration of the historical guideline sales of interests in the Company, we are disregarding the transactions that occurred prior to and after February 2, 2014. For transactions that occurred prior to February 2, 2014, the price or occurrence of these transactions is not informative as to the value of the Company on the Valuation Dates because the issues with the t-commerce technology and the IPO had not yet arisen. For transactions that occurred after February 2, 2014, we are disregarding non-insider transactions pursuant to the assumptions set forth in Paragraph 13, as well as the insiders[25] investments based upon the determination that those transactions were significantly based on the capital needs of the Company in order to maintain its existence and the insiders'

---

[23] See various valuations performed by FSCG.
[24] Plaintiffs will produce the underlying facts and data referenced in Paragraphs 33 and 34 of this Report in electronic form. The format of this data makes it impracticable to disclose it herein or on the Exhibits hereto.
[25] Insiders includes the Worldview funds, the Cardinal funds, Intel Capital, and Digital River.

desire to avoid conversion into common stock.[26]  Therefore, those transactions are not representative of fair market value.  Accordingly, the guideline sales of interest in the subject entity method is inappropriate to value the Company.

### Asset Approach

35.    According to SSVS-1, a frequently used method under the Asset Approach is the adjusted net asset method.  When using the adjusted net asset method in valuing a business, business ownership interest, or security, the valuation analyst should consider, as appropriate, the following information related to the premise of value:

- Identification of the assets and liabilities;

- Fair Market Value of the assets and liabilities (individually or in the aggregate); and

- Liquidation costs (if applicable).

36.    Based on our exclusion of the other valuation approaches and our conclusion that the appropriate premise of value is liquidation rather than going concern, I believe the Asset Approach to be the most appropriate approach to determine the FMV of Delivery Agent.

### Conclusion of Fair Market Value

37.    In evaluating the value of Delivery Agent under an Asset Approach, and pursuant to a liquidation premise of value, I began with a review of its historical balance sheets and those

---

[26] See, e.g., Michael Novelly, CFP, email dated February 14, 2014 to various individuals including Fitzsimmons and Insiders.

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

near the Valuation Dates. The following is a summary of Delivery Agent's balance sheets

from 2010 to 2015:

| Delivery Agent - Balance Sheet Summary (in thousands) | | | | | | |
|---|---|---|---|---|---|---|
| Description | 12/31/10 | 12/31/11 | 12/31/12 | 12/31/13 | 12/31/14 | 12/31/15 |
| **ASSETS:** | | | | | | |
| Total current assets | 34,287 | 47,049 | 26,860 | 22,350 | 49,235 | 49,925 |
| Long term assets | 1,964 | 1,566 | 2,477 | 7,379 | 23,724 | 27,111 |
| Total assets | 36,251 | 48,615 | 29,337 | 29,729 | 72,959 | 77,036 |
| | | | | | | |
| **LIABILITIES:** | | | | | | |
| Total current liabilities | 38,053 | 34,813 | 37,600 | 50,246 | 103,069 | 144,225 |
| Long term debt & other liabilities | 0 | 4,375 | 2,750 | 5,289 | 10,981 | 14,794 |
| Total liabilities | 38,053 | 39,188 | 40,350 | 55,535 | 114,050 | 159,019 |
| | | | | | | |
| **Current assets less current liabilities** | **(3,766)** | **12,236** | **(10,740)** | **(27,896)** | **(53,834)** | **(94,300)** |
| **Total assets less total liabilities** | **(1,802)** | **9,427** | **(11,013)** | **(25,806)** | **(41,091)** | **(81,983)** |

Footnotes:
(1) 2010-2011 Source: EY valuation of Delivery Agent dated 8/10/15; Bates LW00174310.
(2) 2012-2013 Source: Delivery Agent 2012/2013 Audited Financial Statements; Bates CONNEKT 0432605.
(3) 2014-2015 Source: Delivery Agent 2014/2015 Audited Financial Statements; Bates GT 06661.

38.    As can be seen in the table above, from 2010 through 2015, the only year Delivery Agent

achieved a positive equity position was 2011 (total assets exceeded total liabilities by $9.4

million). After 2011, the Company's equity turned increasingly negative, reaching almost

negative $82 million by the end of 2015.

39.    The table below is the "adjusted net asset value" of Delivery Agent at December 31, 2013,

which has been adjusted for cash infusions that came in between December 2013 and

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

June 18, 2014 (Plaintiffs' first purchase of securities; initial valuation date).

| Delivery Agent, Inc. Adjusted Net Asset Value - December 31, 2013 (in thousands) | | | |
|---|---|---|---|
| **Description** | **As reported** | **Adjustments** [3] | **Adjusted** |
| Cash | 2,600 | 7,000 | 9,600 [1] |
| Accounts receivable | 13,562 | 0 | 13,562 |
| Prepaid expenses and other | 2,299 | 0 | 2,299 |
| Inventory, net of obsolescence | 3,889 | 0 | 3,889 |
| Total current assets | 22,350 | 7,000 | 29,350 |
| Property and equipment, net | 3,396 | 0 | 3,396 |
| Goodwill | 2,055 | 0 | 2,055 |
| Intangible assets, net | 1,719 | 0 | 1,719 |
| Other assets | 209 | 0 | 209 |
| Total assets | 29,729 | 7,000 | 36,729 |
| | | 0 | |
| Accounts payable | 9,800 | 0 | 9,800 |
| Accrued expenses and other | 21,894 | 0 | 21,894 |
| Debt - current portion | 10,921 | (3,100) | 7,821 [1] |
| Deferred revenue | 2,661 | 0 | 2,661 |
| Due to related parties | 1,166 | 0 | 1,166 |
| Warrant liability | 3,804 | (3,804) | 0 [2] |
| Total current liabilities | 50,246 | (6,904) | 43,342 |
| | | 0 | 0 |
| Long term debt & other liabilities | 5,289 | 0 | 5,289 |
| Total liabilities | 55,535 | (6,904) | 48,631 |
| | | | |
| Current assets less current liabilities | (27,896) | | (13,992) |
| **Total assets less total liabilities** | (25,806) | | **(11,902)** |
| | | | |
| Cumulative losses at December 31, 2013 | | | (146,452) |

Footnotes:
(1) On January 28, 2014 the Company issued additional Series F shares for $10.1 million - $3.1 million from conversion of promissory notes and $7.0 million cash.
(2) The Warrant liabilities appear to be a value adjustment rather than a cash outlay and therefore we eliminated this liability.
(3) Does not reflect all adjustments that would be made in a liquidation analysis, such as discounts and liquidation costs.

40.     As discussed above in the consideration of the Income Approach, Delivery Agent had no

history of profits and taking into account the assumptions set forth in Paragraph 13 and

considering the material information allegedly misrepresented to and withheld from

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

Plaintiffs, no hope for future profits. As reflected in the table above, despite Delivery Agent receiving a $7 million cash infusion in January 2014, the Company's total liabilities exceeded total assets by almost $12 million, and its current liabilities exceeded its current assets by almost $14 million.

41. The insider investors contributed an additional $2.8 million to the Company in March of 2014. Even with this cash infusion, the Company's liabilities would still have exceeded its assets by more than $9 million by June 2014 ($11.9 million - $2.8 million = $9.1 million), not considering the additional operating losses which occurred.

42. Additionally, between April of 2015 and March 2016, the insider investors contributed approximately $8.0 million, as reflected in the chart below.

| Purchaser | Security | Date of Purchase | # of Shares | Price per Share | Principal Investment | |
|---|---|---|---|---|---|---|
| **Insider Investments - Post February 2, 2014** | | | | | | |
| Worldview Strategic Partners IV, L.P. | Series F | 3/18/2014 | 6,672 | 0.9083 | $6,060 | [1] |
| Worldview Technology International IV, L.P. | Series F | 3/18/2014 | 146,907 | 0.9083 | 133,436 | [1] |
| Worldview Technology Partners | Series F | 3/18/2014 | 904,263 | 0.9083 | 821,342 | [1] |
| CVP SBIC, L.P. | Series F | 3/18/2014 | 598,583 | 0.9083 | 543,693 | [1] |
| Intel Capital Corporation | Series F | 3/18/2014 | 404,932 | 0.9083 | 367,800 | [1] |
| Worldview Strategic Partners IV, L.P. | Series F | 3/27/2014 | 4,170 | 0.9083 | 3,788 | [2] |
| Worldview Technology International IV, L.P. | Series F | 3/27/2014 | 91,817 | 0.9083 | 83,397 | [2] |
| Worldview Technology Partners IV, L.P. | Series F | 3/27/2014 | 565,164 | 0.9083 | 513,338 | [2] |
| CVP SBIC, L.P. | Series F | 3/27/2014 | 374,114 | 0.9083 | 339,808 | [2] |
| Subtotal | | | | | **$2,812,662** | |
| CVP SBIC, L.P. | Series G | 4/20/2015 | 660,000 | 0.7575 | 499,950 | [3] |
| Worldview Strategic Partners IV, L.P. | Series G | 4/20/2015 | 14,152 | 0.7575 | 10,720 | [3] |
| Worldview Technology International IV, L.P. | Series G | 4/20/2015 | 311,598 | 0.7575 | 236,035 | [3] |
| Worldview Technology Partners IV, L.P. | Series G | 4/20/2015 | 1,917,988 | 0.7575 | 1,452,876 | [3] |
| Intel Capital Corporation | Series G | 6/22/2015 | 792,079 | 0.7575 | 600,000 | [4] |
| Worldview Technology Partners IV, L.P. | Sub. Notes | 7/21/2015 | | | 1,275,787 | [5] |
| Worldview Technology International IV, L.P. | Sub. Notes | 7/21/2015 | | | 207,266 | [5] |
| Worldview Strategic Partners IV, L.P. | Sub. Notes | 7/21/2015 | | | 9,414 | [5] |
| CVP SBIC, L.P. | Sub. Notes | 7/21/2015 | | | 815,800 | [5] |
| Worldview Strategic Partners IV, L.P. | Sub. Notes | 3/30/2016 | | | 12,131 | [6] |
| Worldview Technology International IV, L.P. | Sub. Notes | 3/30/2016 | | | 267,081 | [6] |
| Worldview Technology Partners IV, L.P. | Sub. Notes | 3/30/2016 | | | 1,643,968 | [6] |
| CVP SBIC, L.P. | Sub. Notes | 3/30/2016 | | | 905,242 | [6] |
| Subtotal | | | | | **$7,936,269** | |
| Grand Total | | | | | **$10,748,931** | |

Footnotes:
(1) See schedule of Purchasers, March 18, 2014; Bates ABDO012715-ABDO012716.
(2) See schedule of Purchasers, March 27, 2014; Bates ABDO012717-ABDO012718.
(3) See schedule of Purchasers, April 20, 2015; Bates CONNEKT 0577235-CONNEKT 0577236.
(4) See schedule of Schedule of Exceptions; Bates RT0046090-RT0046123 (specifically RT0046110); and Series G Preferred Stock and Warrant Purchase Agreement 4/20/15; Bates RT00446047-RT0046089 (specifically RT0046081)..
(5) See schedule of Purchasers, July 21, 2015; Bates CONNEKT 0304601.
(6) See schedule of Purchasers, March 30, 2016; Bates CONNEKT 0304602.

43. Therefore, even considering all of the cash infusions from the insider investors, at all Valuation Dates, Delivery Agent was presumed to be insolvent, and therefore the securities Plaintiffs purchased had no value on the dates they were purchased.

44. Assuming no additional cash infusions (other than those from the insiders listed above as generally required to meet the capital needs of the Company and to prevent conversion from preferred to common shares), and continuing losses, it would be improbable for Delivery Agent to not eventually go bankrupt or otherwise go out of business. In fact, on September 15, 2016, Delivery Agent filed for bankruptcy under Chapter 11 of the Bankruptcy Code.[27]

### Treatment of Convertible Promissory Notes in Liquidation

45. Counsel has instructed us that the convertible promissory notes identified in Paragraphs 18 and 19 would be subordinated to the Company's secured and unsecured debt in a liquidation scenario.

### Conclusion

46. Taking into account the assumptions set forth herein and considering the material information allegedly misrepresented to and withheld from Plaintiffs, it is my opinion that Delivery Agent had negative value at every Valuation Date and that the Plaintiffs' securities had no value on the dates of purchase.

---

[27] Plaintiff Abdo's last purchase of securities was April 20, 2016 and on September 15, 2016, Delivery Agent filed for bankruptcy under Chapter 11 of the Bankruptcy Code. I believe there was no "subsequent information" during the 5 months leading up to the bankruptcy that was not known or knowable.

## V.    DATA AND OTHER INFORMATION CONSIDERED

47.    In conducting this engagement to date, I have reviewed and/or considered documents and other information provided by Counsel as discussed herein and identified at **Exhibit C**.  I have been provided with all documents I requested.

## VI.    PENDING DISCOVERY AND ASSIGNMENT CONTINUATION

48.    As discovery is ongoing and additional information is provided to me, my opinions may change, I may have additional opinions and the scope of my assignment may be expanded. Should additional information bearing relevance on my opinions become available, I intend to modify this report as soon as practicable depending upon timing of such discovery.

49.    In addition, I may generate demonstrative exhibits for use at trial. KR may also proceed with additional work as may be requested prior to trial.

## VII.    EXPERT QUALIFICATIONS

50.    I am a partner with the accounting firm of Kaufman, Rossin & Company, PA, specializing in audit and litigation engagements.  I am a Certified Public Accountant, licensed to practice in Florida and a member of the American Institute of Certified Public Accountant, Florida Institute of Certified Public Accountants, and National Association of Certified Valuation Analysts (NACVA).  During the last twenty years, I have devoted a significant amount of time to the analysis of complex valuation and business issues in commercial litigation.

51.    A profile of my education, professional history, professional affiliations, range of experience and publications authored is attached at **Exhibit A**.

52.    **Exhibit B** provides the detail of cases in which I have provided expert testimony at trial, deposition or hearings in the past four years.

*ABDO VS. FITZSIMMONS, et al.*
Expert Report of Steven M. Berwick, May 5, 2020

## VIII.  EXPERT COMPENSATION

53.    Kaufman, Rossin & Co., P.A. is being compensated based upon the various levels of skill and responsibility required at hourly rates ranging from $125 per hour to $595 per hour. My hourly rate is $595.  No portion of our fees is contingent upon the outcome of this matter.

Respectfully submitted,

Steven M. Berwick, CPA, CVA, CITP, CFF
Kaufman, Rossin & Co.
May 5, 2020

**EXHIBIT A**

# Steven M. Berwick, CPA, CVA, CITP, CFF

## Principal, Kaufman Rossin
305.857.6708 | sberwick@kaufmanrossin.com

### PROFESSIONAL QUALIFICATIONS

Certified Public Accountant (CPA), State of Florida, License No. 7694

American Institute of Certified Public Accountants (AICPA), Member

AICPA Valuation, Forensic Accounting and Litigation Services Section, Member

AICPA Information Technologies Section, Member

Florida Institute of Certified Public Accountants (FICPA), Member

Florida Institute of Certified Public Accountants, Quality Review Committee 1988-1989

FICPA, Accounting Principles and Auditing Standards Committee 1992-1997, Chairman 1995-1997

National Association of Certified Valuation Analysts (NACVA), (CVA) Member

Certified Information Technology Professional (CITP), AICPA

Certified in Financial Forensics (CFF), AICPA

Association of Certified E-Discovery Specialists (ACEDS), Member

Florida International University School of Accounting Advisory Board, Member

### PROFESSIONAL EXPERIENCE

**Kaufman Rossin | 1974 to present**
Audit & Litigation Consulting Principal

Steve has extensive experience in lost profit calculations, commercial damage models, construction litigation, professional malpractice matters, and expert witness testimony. He has testified in numerous commercial litigation matters, and has qualified as an expert witness in various federal and state courts throughout the nation.

In addition to litigation consulting, Steve also has significant experience as an auditor with clients in various industries primarily in construction, retail and non-profit entities.

In addition, he has provided litigation consulting services to help companies address various phases of discovery, from evidence identification, preservation and collection to analysis, production and expert testimony.

Steve leads the Firm's technology department, supporting the Firm's growth through innovations that meet the needs of professionals and clients. He was named Technology Leader of the Year (CTO) by the Greater Miami Chamber of Commerce in 2008.

### PROVIDED TESTIMONY AS EXPERT

- United States District Court, Southern District of Florida
- United States District Court, Western District of Kentucky
- Circuit Court, Dade County, Florida
- Circuit Court, Broward County, Florida
- Circuit Court, Palm Beach County, Florida
- Circuit Court, Pinellas County, Florida
- Circuit Court, Pasco County, Florida

### AUTHOR AND LECTURER

- Litigation support services – Business Damages (lecturer)
- Accounting and auditing standards updates (lecturer)
- Accounting and auditing for the Construction Industry (lecturer)
- Financial Statement Disclosures Under SOP 94-6 and FAS 107 (article)
- Auditing Property and Casualty Insurers (article)

### EDUCATION

**Florida International University, B.B.A. in Accounting**

- American Institute of Certified Public Accountants and Florida Institute of Certified Public Accountants Continuing Education Courses
- National Association of Certified Valuation Analysts, Professional Development Program

KAUFMAN|ROSSIN

**EXHIBIT B**

# Four Year Record of Expert Testimony for Steven M. Berwick

| Date | Case | Type of Testimony |
|------|------|-------------------|
| 7/29/2019 | *Mayfield Condominium Assoc. v. AG-M Hotel Owner, et. al.*, 2018-017095-CA-01, (Fla. 11th Jud. Cir.) | Deposition |
| 5/07/2019 | *Carolyn at Knightsbridge, LLC v GSRP, LLC*, 16-CA-007261 (Fla. 13th Jud. Cir.) | Deposition |
| 2/11/2019 | *Ramblewood East Condo Assoc. v Hartzell Construction, et al*, 062011CA028839AXXXCE (Fla. 17th Jud. Cir.) | Deposition |
| 1/10/2019 | *GB Auto Service, Inc. v. Morpheus Investment, Inc.* | Deposition |
| 1/08/2019 | *Cannery Row HOA, Inc. v Cannery Row, LLC, et al*, 50-2017CA014093-XXXX-MB, (Fla. 15th Jud. Cir.) | Deposition |
| 9/24/2018 | *Carolyn at Wesbury, LLC v Westbury at Lake Brandon Investments, LLC*, et al, Case No. 16-CA-006109 (Fla. 13th Jud. Cir.) | Trial |
| 6/05/2018 | *Carolyn at Wesbury, LLC v Westbury at Lake Brandon Investments, LLC*, et al, Case No. 16-CA-006109 (Fla. 13th Jud. Cir.) | Deposition |
| 4/27/2018 | *Storati LLC, et al v Corporation Mixproducts LLC*, et al, 2014, 027987-CA-01 (Fla. 11th Jud. Cir.) | Deposition |
| 4/04/2018 | *Timothy Donald, et al v United Soccer Leagues*, LLC, 18-cv-01836-MSS-JSS (S.D. Fla.) | Trial |
| 12/08/2017 | *Zone 4 Energy Limited v JP Morgan and Jorge Delfi*, 2015-021879-CA-01 (Fla. 11th Jud. Cir.) | Trial |
| 10/13/2017 | *Gary Dean v Q Club Hotel, LLC*, Case No. 15-cv-60474-JIC (S.D. Fla.) | Deposition |
| 6/28/2017 | *Zone 4 Energy Limited v JP Morgan and Jorge Delfi*, 2015-021879-CA-01 (Fla. 11th Jud. Cir.) | Deposition |
| 5/26/2017 | *Gary Dean v. Q Club Hotel, LLC*, 15-cv-60474-JIC (S.D. Fla.) | Trial |
| 1/12/2017 | *Lukenda, et al., v. Feldman Sherb & Co.*, et al., CA 02-12411-AH (Fla. 15th Jud. Cir.) | Trial |
| 8/03/2016 | *Raimundo Modia, Jr. Rev Tr v. Banner Life Insurance Company*, 15-cv-23501-JG (S.D. Fla.) | Deposition |
| 7/21/2016 | *Mediware Information Systems, Inc. v. HemaTerra Technologies, LLC, et al.*, 13-cv-00103-JRK (M.D. Fla.) | Deposition |
| 5/19/2016 | *Prime Experience, Inc., et al. v. Vieques Hotel Partners, et al.* | Trial |
| 5/19/2016 | *Prime Experience, Inc., et al. v. Vieques Hotel Partners, et al.* | Arbitration |

**EXHIBIT C**

**Abdo, et al v Fitzsimmons, et al**

**DOCUMENT INVENTORY**

**Last updated on 5/5/2020**

| No. | | | | Document Description | Period | Bates Begin | Bates End |
|---|---|---|---|---|---|---|---|
| **I.** | **Pleadings and Other Legal Documents** | | | | | | |
| | | | a. | First Amended Complaint For Violation of Federal Securities Laws and California Securities Laws, John E. Abdo, As Trustee Of The John E. Abdo Trust Dated June 11, 2014, and John E. Abdo, As Trustee Of The John E. Abdo Trust Dated March 15, 1976 | 12/15/2017 | | |
| | | | b. | First Amended Complaint - Rising Tide I, LLC.; Rising Tide II, LLC | 12/15/2017 | | |
| **II.** | **Investments** | | | | | | |
| | | | a. | Abdo Series F Preferred Stock Certificate - First Purchase | 6/18/2014 | ABDO000095 | ABDO000096 |
| | | | b. | Abdo Series F Preferred Stock Certificate - Second Purchase | 9/24/2014 | ABDO005046 | ABDO005047 |
| | | | c. | Abdo Series F Preferred Stock Certificate - Third Purchase | 1/13/2015 | LEVAN002929 | LEVAN002930 |
| | | | d. | Abdo Series G Preferred Stock Certificate | 4/20/2015 | ABDO000514 | ABDO000515 |
| | | | e. | Abdo Proof of Claim | 1/12/2017 | n/a | |
| | | | f. | Correspondence regarding Stock Certificates | 9/23/2014 | ABDO012256 | ABDO012260 |
| | | | g. | Series F Preferred Stock Purchase Warrant | 6/11/2014 | ABDO012319 | ABDO012328 |
| | | | h. | Amendment to 120-day Warrant | 9/1/2014 | ABDO012261 | ABDO012263 |
| | | | i. | Correspondence regarding 120-day warrant | 1/9/2015 | ABDO000327 | ABDO000330 |
| | | | j. | Purchase/exercise form - Exhibit A | 1/9/2015 | ABDO000331 | ABDO000331 |
| | | | k. | Schedule of Purchasers - Exhibit A | 1/28/2014 | ABDO12712 | ABDO12712 |
| | | | l. | Schedule of Purchasers - Exhibit A | 4/20/2015 | CONNEKT 0577235 | CONNEKT 0577236 |
| | | | m | Schedule of Purchasers - Exhibit A | 3/30/2016 | CONNEKT 0304600 | CONNEKT 0304602 |
| **III.** | **Business Documents** | | | | | | |
| | **A. ry Agent, Inc.** | | | | | | |
| | | **1** | **Corporate Documents** | | | | |
| | | | a. | Twelfth Restated Certificate of Corporation | 1/28/2014 | GT00863 | GT00893 |
| | | | b. | Eleventh Restated Certificate of Corporation | 7/31/2013 | GT00788 | GT00817 |
| | | | c. | Certificate of Amendment to the 12th Amended Certificate of Corporation | 9/24/2014 | CONNEKT 0597304 | CONNEKT 0597308 |
| | | | d. | Meeting Minutes | 10/28/2014 | CONNEKT 0597309 | CONNEKT 0597313 |
| | | | e. | Credit Suisse - Project Hollywood Drafting Session #11, S-1 Business Section Draft | 2014 | GT07622 | GT07631 |
| | | | f. | Draft S-1 except provided to plaintiff on May 12, 2014 | 5/12/2014 | ABDO000033 | ABDO000040 |
| | | | g. | Draft S-1 except provided to plaintiff on Jan. 7, 2015 | 1/7/2015 | LEVAN002251 | LEVAN002268 |
| | | | h. | Credit Suisse Comparables Update | 1/9/2015 | CONNEKT 0597319 | CONNEKT 0597323 |
| | | | i. | Letter from Latham & Watkins re Capitalization Information as of 12/31/15 | 2/11/2016 | GT01091 | GT01092 |
| | | | j. | Letter from Latham & Watkins re Capitalization Information as of 12/31/14 | 4/22/2015 | GT00241 | GT00242 |
| | | | h. | Purchase Documents - Post Superbowl | 7/1/2014 | HLI Del Agent 006207 | HLI Del Agent 006464 |
| | | **2** | **Board of Directors Meeting Presentations** | | | | |
| | | | a. | Board of Directors Meeting Presentations | 4/19/2016 | CONNEKT 0099481 | CONNEKT 0099527 |
| | | | b. | Board of Directors Meeting Presentations | 2/2/2016 | CONNEKT 0438016 | CONNEKT0438048 |
| | | | c. | Board of Directors Meeting Presentations | 10/27/2015 | CONNEKT 0119887 | CONNEKT 0119941 |
| | | | d. | Board of Directors Meeting Presentations | 7/28/2015 | CONNEKT 0287623 | CONNEKT 0287665 |
| | | | e. | Board of Directors Meeting Presentations | 7/5/2015 | DEF_002543 | DEF_002556 |
| | | | f. | Board of Directors Meeting Presentations | 4/28/2015 | DEF_000249 | DEF_000281 |
| | | | g. | Board of Directors Meeting Presentations | 2/3/2015 | DEF_000213 | DEF_000248 |
| | | | h. | Board of Directors Meeting Presentations | 10/28/2014 | DEF_001494 | DEF_001542 |
| | | | i. | Board of Directors Meeting Presentations | 7/29/2014 | DEF_022417 | DEF_022462 |
| | | | j. | Board of Directors Meeting Presentations | 4/29/2014 | CONNEKT 0654139 | CONNEKT 0654192 |
| | | | k. | Board of Directors Meeting Presentations | 2/14/2014 | DEF_004008 | DEF_004039 |
| | | | l. | Compensation Committee Presentation | 7/28/2015 | CONNEKT 0491676 | CONNEKT 0491687 |
| | | | m. | Comparable Company Update Presentation | 1/15 | CONNEKT 0597316 | CONNEKT 0597318 |
| | | **3** | **Historical Financial Statements** | | | | |
| | | | a. | Audited Consolidated Financial Statements prepared by Grant Thornton LLP for the years ended December 31 | 2014-2015 | GT06657 | GT06709 |
| | | | b. | Audited Consolidated Financial Statements prepared by Grant Thornton LLP for the years ended December 31 | 2013-2014 | GT06566 | GT06613 |
| | | | c. | Audited Consolidated Financial Statements prepared by Grant Thornton LLP for the years ended December 31 | 2012-2013 | CONNEKT 0432601 | CONNEKT 0432638 |
| | | | d. | Audited Consolidated Financial Statements prepared by Deloitte LLP for the years ended December 31 | 2012 | DT0000333 | DT0000360 |
| | | | e. | Audited Consolidated Financial Statements prepared by KPMG for the years ended January 2 | 2011-2012 | GT07531 | GT07561 |
| | | | f. | Internally Prepared financial statements - month end close (Excel) | 12/31/2014 | Native | |
| | | | g. | Internally Prepared financial statements - monthly (Excel) | 2013 | Native | |

**Abdo, et al v Fitzsimmons, et al**

**DOCUMENT INVENTORY**

**Last updated on 5/5/2020**

| No. | | | Document Description | Period | Bates Begin | Bates End |
|---|---|---|---|---|---|---|
| | 4 | **Forecasted Financial Statements** | | | | |
| | | a. | Forecasted Financial Statements (Excel) | 2016-2017, 2014-2017 | Native | |
| | | b. | Forecasted Financial Statements - Shop TV (Excel) | 2015-2017 | Native | |
| | | c. | Forecasted Financial Statements (Excel) | 2014-2015 | Native | |
| | | d. | Forecasted Financial Statements (Excel) | 2012-2015 | Native | |
| | | e. | Forecasted Financial Statements | 2012-2016 | CONNEKT 0545227 | |
| | | f. | Forecasted Financial Statements | 2016-2017 | Native | |
| | | g. | Forecasted Financial Statements | 2015-2017 | Native | |
| | | h. | Forecasted Financial Statements prepared by Ernst & Young, LLP | 2015-2021 | CONNEKT 0528853 | CONNEKT 0528854 |
| | 5 | **Presentations to the Audit Committee** | | | | |
| | | c. | Presentation to the Audit Committee prepared by Grant Thornton 4/28/15 | 2012 & 2013 | CONNEKT 0488554 | CONNEKT 0488574 |
| | | a. | Presentation to the Audit Committee prepared by Grant Thornton 7/29/16 | 2015 | CONNEKT 0299393 | CONNEKT 0299426 |
| | | b. | Presentation to the Audit Committee prepared by Grant Thornton 7/28/15 | 2014-Q1-15 | CONNEKT 0491789 | CONNEKT 0491828 |
| | 6 | **Previous Valuations** | | | | |
| | | **A.** | **Valuation Reports** | | | |
| | | 1 | Valuation Analysis prepared by BTIG | 5/15 | BTIGAbdo_001191 | BTIGAbdo_001203 |
| | | 2 | Valuation Report prepared by FSCG | 9/30/2014 | GT00624 | GT00678 |
| | | 3 | Valuation Report prepared by FSCG | 7/1/2014 | LW00428367 | LW00428422 |
| | | 4 | Valuation Report prepared by FSCG | 3/31/2014 | GT00538 | GT00567 |
| | | 5 | Valuation Report prepared by FSCG | 12/3/2013 | GT00508 | GT00537 |
| | | 6 | Valuation Report prepared by FSCG | 9/16/2013 | GT00451 | GT00507 |
| | | 7 | Valuation Report prepared by FSCG | 5/31/2013 | GT00395 | GT00450 |
| | | 8 | Valuation Report prepared by FSCG | 2/15/2013 | GT00338 | GT00394 |
| | | 9 | Valuation Report prepared by FSCG | 7/31/2012 | GT00284 | GT00337 |
| | **B.** | **Memos** | | | | |
| | | 1 | Review Program for Equity Allocation Using the Option-Pricing Method prepared by Grant Thornton LLP, Valuation Dates: July 31, 2012, February 15, 2013, May 31, 2013, September 16, 2013, December 3, 2013, March 31, 2014, July 1, 2014, and September 30, 2014 | 2012-2014 | GT00679 | GT00713 |
| | | 2 | Valuation Review Memo prepared by Grant Thornton LLP - re 12/31/14 Audit | 5/14/15 | GT00084 | GT00231 |
| | | 3 | Memorandum prepared by Grant Thornton LLP re 12/31/14 Audit | 12/3/14 | GT00237 | GT00240 |
| | | 4 | Equity Allocation Memo prepared by Grant Thornton LLP re 2012 and 2014 Audit | 2/27/15 | GT00281 | GT00283 |
| | | 5 | Bridge Note Memo prepared by Delivery Agent VP Controller | 7/21/15 | GT01194 | GT01198 |
| | | 6 | Hillair Debt Memo 12/9/15, prepared by Delivery Agent VP Controller | 2/24/2016 | GT01204 | GT01209 |
| | | 7 | Embedded Derivative Memo prepared by Delivery Agent VP Controller re 12/31/15 financial statements | 8/31/2016 | GT01256 | GT01272 |
| | | 8 | Equity Allocation Memo prepared by Grant Thornton LLP 9/30/2015, 12/30/2015 | 4/6/2016 | GT01273 | GT01275 |
| | | 9 | Review Program for Equity Allocation Using the Option-Pricing Method prepared by Grant Thornton LLP | 12/31/2015 | GT01356 | GT01382 |
| | | 10 | Review Program for Equity Allocation Using the Option-Pricing Method prepared by Grant Thornton LLP | 9/30/2015 | GT01539 | GT01565 |
| | | 11 | Valuation Review Memo prepared by Grant Thornton LLP re 12/31/14 Audit | 5/14/2015 | GT00084 | GT00231 |
| | **C.** | **Purchase Price Allocations** | | | | |
| | | 1 | Purchase Price Allocation for Acquisition of Certain Assets of Music Today prepared by FSCG | 7/1/2014 | CONNEKT 0138129 | CONNEKT 0138169 |
| | | 2 | Purchase Price Allocation for Acquisition of Certain Assets of Clean Fun Promotional Marketing prepared by FSCG | 9/13/2013 | CONNEKT 0138170 | CONNEKT 0138203 |
| | **D.** | **409A Valuations** | | | | |
| | | 1 | 409A Valuation Report prepared by Ernst & Young, LLP | 1/15/2016 | CONNEKT 0446459 | CONNEKT 0446513 |
| | | 2 | 409A Valuation Report prepared by Ernst & Young, LLP | 12/31/2015 | CONNEKT 0384445 | CONNEKT 0384546 |
| | | 3 | 409A Valuation Report prepared by Ernst & Young, LLP | 9/30/2015 | CONNEKT 0384547 | CONNEKT 0384649 |
| | | 4 | 409A Valuation Report prepared by Ernst & Young, LLP | 6/30/2015 | CONNEKT 0432313 | CONNEKT 0432415 |
| | | 5 | 409A Valuation Report prepared by Ernst & Young, LLP | 3/31/2015 | LW00174230 | LW00174326 |
| | | 6 | 409A Valuation Report prepared by Ernst & Young, LLP | 12/31/2014 | CONNEKT 0471865 | CONNEKT 0471889 |
| | | 7 | 409A Valuation Report prepared by FSCG | 12/31/2014 | CONNEKT 0552993 | CONNEKT 0553049 |
| | | 8 | 409A Valuation Report prepared by FSCG | 9/30/2014 | CONNEKT 0596903 | CONNEKT 0596957 |
| | | 9 | 409A Valuation Report prepared by FSCG | 7/1/2014 | DEF_054667 | DEF_054723 |
| | | 10 | 409A Valuation Report prepared by FSCG | 3/31/2014 | DEF_053650 | DEF_053679 |
| | | 11 | 409A Valuation Report prepared by FSCG | 12/3/2013 | BTIGAbdo_000556 | BTIGAbdo_000571 |
| | | 12 | 409A Valuation Report prepared by FSCG | 9/16/2013 | BTIGAbdo_000572 | BTIGAbdo_000625 |
| | | 13 | 409A Valuation Report prepared by FSCG | 2/15/2013 | BTIGAbdo_000386 | BTIGAbdo_000442 |
| | | 14 | 409A Valuation Report prepared by FSCG | 1/2/2011 | BTIGAbdo_000503 | BTIGAbdo_000555 |
| | | 15 | 409A Valuation Report prepared by FSCG | 7/31/2012 | BTIGAbdo_000332 | BTIGAbdo_000385 |

**Abdo, et al v Fitzsimmons, et al**

**DOCUMENT INVENTORY**

**Last updated on 5/5/2020**

| No. | | | Document Description | Period | Bates Begin | Bates End |
|---|---|---|---|---|---|---|
| | E. | Summaries of 409A analyses and other valuations | | | | |
| | | 1 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 4/20/2015 | CONNEKT 0577576 | |
| | | 2 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 4/21/2015 | CONNEKT 0577282 | CONNEKT 0577293 |
| | | 3 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 6/30/2014 | CONNEKT 0577294 | CONNEKT 0577309 |
| | | 4 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 9/30/2014 | CONNEKT 0577310 | CONNEKT 0577325 |
| | | 5 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 12/31/2014 | CONNEKT 0577326 | CONNEKT 0577341 |
| | | 6 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 3/31/2014 | CONNEKT 0541234 | CONNEKT 0541245 |
| | | 7 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 6/30/2014 | CONNEKT 0541246 | CONNEKT 0541261 |
| | | 8 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 9/30/2014 | CONNEKT 0541262 | CONNEKT 0541277 |
| | | 9 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 12/31/2014 | CONNEKT 0541278 | CONNEKT 0541293 |
| | | 10 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 5/31/2015 | GT01308 | GT01355 |
| | | 11 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 6/16/2015 | CONNEKT 0489003 | |
| | | 12 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 6/16/2015 | CONNEKT 0533925 | |
| | | 13 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 3/15/2005 | CONNEKT 0533926 | CONNEKT 0533968 |
| | | 14 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 6/30/2015 | CONNEKT 0488955 | CONNEKT 0489002 |
| | | 15 | Draft Summary of Analysis prepared by Ernst & Young, LLP | 7/21/15 and 12/31/15 | CONNEKT 0388891 | CONNEKT 0388897 |
| | | 16 | ASC 805 Valuation of Certain Assets Acquired of Target Corporation Valuation Summary | 12/31/2015 | GT01409 | GT01435 |
| | F. | Shadow Calculations | | | | |
| | | 1 | Shadow Calculations | 7/31/2012 | GT00894 | GT00910 |
| | | 2 | Shadow Calculations | 2/15/2013 | GT00911 | GT00927 |
| | | 3 | Shadow Calculations | 5/31/2013 | GT00928 | GT00945 |
| | | 4 | Shadow Calculations | 9/16/2013 | GT00946 | GT00963 |
| | | 5 | Shadow Calculations - Sensitivity Analysis | 12/3/2013 | GT00964 | GT00981 |
| | | 6 | Shadow Calculations - Sensitivity Analysis | 3/31/2014 | GT00982 | GT00999 |
| | | 7 | Shadow Calculations | 7/1/2014 | GT01000 | GT01017 |
| | | 8 | Shadow Calculations | 9/30/2014 | GT01018 | GT01036 |
| | G. | Supplemental Information | | | | |
| | | 1 | Common Stock Valuation - workpapers | 12/3/2013 | GT00764 | GT00787 |
| | | 2 | Common Stock Valuation - workpapers | 3/31/2014 | GT00818 | GT00840 |
| | | 3 | Common Stock Valuation - workpapers | 12/31/2014 | CONNEKT  0150336 | CONNEKT 0150337 |
| | | 4 | Common Stock Valuation - workpapers | 9/30/2014 | CONNEKT 0340826 | CONNEKT 0340847 |
| | | 5 | Common Stock Valuation - workpapers | 3/18/2014 | CONNEKT  0346887 | CONNEKT  0346893 |
| | | 6 | Common Stock Valuation - workpapers | 9/16/2013 | CONNEKT 0349010 | CONNEKT 0349029 |
| | | 7 | Draft Valuation of Embedded Derivative of the $11mln Convertible Promissory Note | 7/21/2015, 12/31/2015 | CONNEKT 0388699 | CONNEKT 0388705 |
| | | 8 | 409a Projections Reasonableness (Excel) | 2012-2013 | Native | |
| | | 9 | Consolidated Financial Statements (Excel) | 12/31/2016 | Native | |
| | | 10 | Consolidated Financial Statements (Excel) | 12/31/2014-12/31/2015 | Native | |
| | | 11 | Capitalization Table as issued & converted (Excel) | 12/31/2014 | Native | |
| | | 12 | Weighted Average Option Cost Computation (Excel) | 12/31/2014 | Native | |
| | | 13 | Option Exercises (Excel) | 12/31/2014 | Native | |
| | | 14 | Forecasted Financial Statements - Music Today (Excel) | 2014-2018 | Native | |
| | | 15 | Convertible Securities Valuation (Excel) | 12/31/2015 | Native | |
| | | 16 | Series F Warrants Calculation | 2014 | CONNEKT 0522966 | |
| | | 17 | 409A Summary of Assumptions & Inputs(prepared by EY) | 2014 | CONNEKT 0566838 | |
| | | 18 | Recommendations of Value for Convertible Promissory Notes | 9/30/2015-12/31/2015 | GT01388 | |
| | | 19 | Corroborative Calculations of the Equity Securities prepared by Grant Thornton | 12/31/2015 | GT01389 | GT01408 |
| | | 20 | Corroborative Calculations of the Equity Securities prepared by Grant Thornton | 9/30/2015 | GT01591 | GT01621 |
| | | 21 | Corroborative Calculations of the Equity Securities prepared by Grant Thornton | 9/30/2015 | GT01571 | GT01590 |
| | | 22 | Draft 409A Valuation Exhibits Prepared by EY | 9/30/2015 | GT01436 | GT01483 |
| | | 23 | Draft 409A Valuation Exhibits Prepared by EY | 9/30/2015 | GT01484 | GT01538 |
| | I. | Delivery Agent 409a Projections Reasonableness 2012 and 2013 | | | | |
| | | a. | 409a Projections Reasonableness (Excel) | 2012 - 2014 | | |
| | | b. | 409a Projections Reasonableness | 2012 - 2017 | GT00842 | GT00852 |
| | | c. | EXCEL SPREADSHEET - PRODUCED NATIVELY | 2014 | GT00853 | |
| | | d. | EXCEL SPREADSHEET - PRODUCED NATIVELY | 2012-2014 | GT00855 | |
| | II. | Consolidation FS worksheets DA and The Band - 12/31/12 as of 10/21/13 | | | | |
| | | a. | Consolidation FS worksheets DA and The Band (Excel) | 12/31/2012-10/21/13 | | |
| | III. | Consolidation FS worksheets DA The Band and Clean Fun - 1213 v8 | | | | |
| | | a. | Consolidation FS worksheets DA the Band and Clean Fun (Excel) | 12/1/2013 | | |
| | | b. | Balance Sheet Trended by Month and (and Excel) | 2013 - 2014 | GT00858 | GT00858 |
| | | c. | Balance Sheet Trended by Month (and Excel) | 2013 - 2014 | GT00859 | GT00859 |
| | | d. | Historical cap tables (and Excel) | 2013 - 2014 | GT00860 | GT00862 |

**Abdo, et al v Fitzsimmons, et al**

**DOCUMENT INVENTORY**

**Last updated on 5/5/2020**

| No. | | | Document Description | Period | Bates Begin | Bates End |
|---|---|---|---|---|---|---|
| | **H.** | **Previous Valuations Review Questions** | | | | |
| | | 1 | Review questions internal prepared by Grant Thornton, LLP (1.0 - 8.0) and Review questions appraiser with responses prepared by Grant Thornton, LLP (1.1 - 8.1) | 7/12 - 9/14 | GT00714 | GT00762 |
| | | 2 | Review questions appraiser prepared by Grant Thornton, LLP | 9/30/2015-12/31/2015 | GT01383 | GT01387 |
| | | 3 | Review questions appraiser prepared by Grant Thornton, LLP | 9/30/2015-12/31/2015 | GT01566 | GT01570 |
| | | 4 | Review questions appraiser prepared by Grant Thornton, LLP | 5/31/2013 | CONNEKT 0594599 | CONNEKT 0594603 |
| | | 5 | Review questions appraiser prepared by Grant Thornton, LLP | 3/31/2014 | CONNEKT 0594604 | CONNEKT 0594607 |
| | | 6 | Review questions appraiser prepared by Grant Thornton, LLP | 5/31/2013 | CONNEKT 0594608 | CONNEKT 0594612 |
| | **7** | **Loan Documents** | | | | |
| | | a. | Loan And Security Agreement with Clean Fun Promotional Marketing, Inc. and Pinnacle Ventures, LLC | 6/5/2014 | BARC_00016441 | BARC_00016485 |
| | | b. | Pinnacle Payoff Letter | 12/9/2015 | LW00071492 | LW00071503 |
| | | c. | Correspondence regarding Pinnacle wire confirmation | 12/9/15 - 12/21/15 | LW00037270 | LW00037272 |
| | | d. | Pinnacle Ventures - UCC Financing Statement Amendment - Termination 1 | 12/9/2015 | LW00037273 | |
| | | e. | Pinnacle Ventures - UCC Financing Statement Amendment - Termination 2 | 12/9/2015 | LW00037274 | |
| | | f. | Pinnacle Ventures - UCC Financing Statement Amendment - Termination 3 | 12/10/2015 | LW00037275 | |
| | | g. | Hillair Capital Investments - 8% Original Issue Discount Convertible Debenture due 11/1/17 | 12/9/2015 | CONNEKT 0439082 | CONNEKT 0439109 |
| | | | | | | |
| **B.** | | **Rising Tide Investments** | | | | |
| | | 1 | Delivery Agent, Inc. - Financing History (Excel) | Various | Native | n/a |
| | | 2 | Security Purchases by Defendants' Funds and Companies (Word) | 3/05 - 3/16 | | |
| | | 3 | Schedule of Purchasers - Exhibit A | 1/28/2014 | RT0004398 | RT0004406 |
| | | 4 | Delivery Agent, Inc. - Series Preferred Stock and Warrant Purchase Agreement | 4/20/2015 | RT004607 | RT0046089 |
| | | 5 | Exhibit G - Schedule of Exception (Complaint supporting documents) | 7/22/2015 | RT0046090 | RT0046123 |
| | | 6 | Exhibit A - Schedule of Purchasers | 3/30/2016 | CONNEKT 034600 | CONNEKT 034600 |
| | | 7 | Delivery Agent Inc. Series G Preferred Stock Certificate for Rising Tide II, LLC (3,300,330 shares) and Common Stock Purchase Warrant | 4/20/2015 | n/a | |
| | | 8 | Proof of Claim - Rising Tide I, LLC | 10/26/2016 | n/a | |
| | | 9 | Proof of Claim - Rising Tide II, LLC | 10/26/2016 | n/a | |
| | | 10 | Letter to Rising Tide I, LLC (a) Series F Stock Certificate (11,009,578 shares) and Warrants | 8/25/2014 | n/a | |
| | | 11 | Assignment Separate From Certificate | 10/6/2014 | LW00025000 | |
| | | | | | | |
| **V.** | | **Corrspondence** | | | | |
| | | 1 | Email from G. Ansel to J. Lawlor, with attachment | 11/12/2013 | CONNEKT 0349008 | |
| | | 2 | Email from T. Goldman to M. Novelly, et al., with attachment | 4/4/2014 | CONNEKT 0346886 | |
| | | 3 | Email from M. Fitzsimmons to A. Garcia-Lopez, with attachments | 6/4/2014 | GT07529; GT07531; GT07562; GT07589; GT07622 | |
| | | 4 | Email from G. Ansel to M. Fitzsimmons | 6/22/2014 | CONNEKT 0066623 | |
| | | 5 | Email from J. Lawlor to A. Garcia-Lopez, with attachments | 7/16/2014 | GT08201; GT08204; GT08231; GT08232; GT08233; GT08237; GT08256 | |
| | | 6 | Email from J. Hagan to PVPportfolio, with attachment | 4/8/2015 | CONNEKT 0552992 | |
| | | 7 | Email from G. Ansel to T. Goldman, et al. | 7/23/2014 | CONNEKT 0345056 | |
| | | 8 | Email from T. Goldman to G. Ansel | 10/16/2014 | CONNEKT 0058296 | |
| | | 9 | Email from T. Goldman to G. Ansel, with attachment | 10/16/2014 | CONNEKT 0339769 | |
| | | 10 | Email from G. Ansel to M. Novelly and T. Goldman, with attachment | 10/23/2014 | CONNEKT 0340824 | |
| | | 11 | Email from T. Goldman to M. Fitzsimmons | 10/24/2014 | CONNEKT 0341123 | |
| | | 12 | Email from L. Lara to G. Ansel, with attachments | 12/3/2014 | CONNEKT 0594598 | |
| | | 13 | Email from L. Lara to J. Hagan | 12/3/2014 | CONNEKT 0594588 | |
| | | 14 | Email from T. Goldman to G. Ansel | 1/13/2015 | CONNEKT 0151681 | |
| | | 15 | Email from G. Goldman to G. Ansel, with attachments | 1/23/2015 | CONNEKT 0597299 | |
| | | 16 | Email from G. Ansel to T. Goldman, with attachment | 2/13/2015 | CONNEKT 0150335 | |
| | | 17 | Email from G. Ansel to L. Lara, with attachment | 2/19/2015 | CONNEKT 0545225 | |
| | | 18 | Email from A. Di Vita to T. Goldman, with attachment | 2/24/2015 | CONNEKT 0148899 | |
| | | 19 | Email from J. Russell to L. Lara, with attachments | 3/13/2015 | CONNEKT 0545223 | |
| | | 20 | Email from L. Lara to J. Hagan | 4/1/2015 | CONNEKT 0543530 | |
| | | 21 | Email from Z. Biddle to L. Lara, et al., with attachment | 4/6/2015 | CONNEKT 0566837 | |
| | | 22 | Email from Z. Biddle to L. Lara | 5/29/2015 | CONNEKT 0523057 | |
| | | 23 | Email from T. Goldman to L. Lara, with attachment | 6/1/2015 | CONNEKT 0135542 | |
| | | 24 | Email from Z. Biddle to L. Lara, with attachment | 6/2/2015 | CONNEKT 0522964 | |
| | | 25 | Email from A. Niemi to L. Lara and Z. Biddle, with attachment | 6/12/2015 | CONNEKT 0528849 | |
| | | 26 | Email from Z. Biddle to L. Lara | 7/1/2015 | CONNEKT 0524155 | |
| | | 27 | Email from T. Goldman to J. Williams, with attachments | 7/28/2015 | CONNEKT 0491673 | |
| | | 28 | Email from L. Ngai to T. Goldman, et al., with attachment | 1/26/2016 | CONNEKT 0446456 | |
| | | 29 | Email from J. Hagan to L. Ngai, with attachment | 4/11/2016 | CONNEKT 0408551 | |
| | | 30 | Email from L. Ngai to R. Field, et al., with attachment | 6/17/2016 | CONNEKT 0396418 | |
| | | 31 | Email from L. Ngai to J. Hagan, with attachment | 6/27/2016 | CONNEKT 0388889 | |
| | | 32 | Email from R. Feild (EA) to P. Dulay, et al., with attachments | 7/27/2016 | GT07645; GT07646; GT07647; GT07648 | |
| | | 33 | Email from L. Lara to L. Brown, with attachment | 5/4/2015 | CONNEKT 0541233 | |
| | | 34 | Email from L. Lara to J. Williams, with attachment | 8/10/2015 | LW00174227 | |
| | | 35 | Email from Z. Biddle to L. Lara, et al., with attachment | 4/21/2015 | CONNEKT 0577281 | |
| | | 36 | Email from L. Ngai to J. Hagan, with attachment | 6/27/2016 | CONNEKT 0388889 | |
| | | 37 | Email from M. Smith to M. Fitzsimmons, et al. | 2/11/2013 | BARC_000005720 | |
| | | 38 | Email from J. Williams to J. Abdo, with attachments | 9/24/2014 | Abdo0212256 | |
| | | 39 | Email from J. Williams to E. Erb | 6/27/2014 | LW00357689 | |
| | | 40 | Email from J. Williams to K. Crudden, with attachment | 7/23/2015 | CONNEKT0522170 | |
| | | 41 | Email from J. Williams to K. Crudden, with attachment | 9/4/2015 | LW00069318 | |
| | | | | | | |
| **V.** | | **Miscellaneous and Additional Documents** | | | | |

**Abdo, et al v Fitzsimmons, et al**

**DOCUMENT INVENTORY**

**Last updated on 5/5/2020**

| No. | | | Document Description | Period | Bates Begin | Bates End |
|---|---|---|---|---|---|---|
| | | 1 | Exhibit 00161 - Printed email from M. Novelly re: Series F. Update and Request to Fund | 2/14/2014 | DR_0008748 | DR_0008751 |
| | | 2 | Post-Super Bowl Investments (Excel) | 2/2/2014 | | |
| | | 3 | Exhibit 00161 - M. Novelly DR_0008748 | 2/14/2014 | DR_0008748, DR_0008751 | DR_0008749 |
| | | 4 | Valuation Analysis as of July 1, 2014 | 7/22/2014 | GT00568 | |
| | | 5 | Valuation Review Questions – Appraiser | 7/31/2012 | GT00716 | |
| | | 6 | Valuation Review Questions – Internal | 2.15.2013 | GT00720 | |
| | | 7 | Valuation Review Questions – Appraiser | 5/31/2013 | GT00729 | |
| | | 8 | Valuation Review Questions – Internal | 9/16/2013 | GT00734 | |
| | | 9 | Valuation Review Questions – Appraiser | 9/16/2013 | GT00736 | |
| | | 10 | Valuation Review Questions – Internal | 12/3/2013 | GT00739 | |
| | | 11 | Valuation Review Questions – Appraiser | 12/3/2013 | GT00740 | |
| | | 12 | Valuation Review Questions – Internal | 3.31.2014 | GT00745 | |
| | | 13 | Valuation Review Questions – Appraiser | 3.31.2014 | GT00746 | |
| | | 14 | Valuation Review Questions – Internal | 7.1.2014 | GT00751 | |
| | | 15 | Valuation Review Questions – Appraiser | 7.1.2014 | GT00753 | |
| | | 16 | Valuation Review Questions – Internal | 9.1.2014 | GT00758 | |
| | | 17 | Valuation Review Questions – Appraiser | 9.1.2014 | GT00760 | |
| | | 18 | Consolidation FS worksheets DA and The Band | 10/27/2014 | GT00763 | |
| | | 19 | Delivery Agent 409a Projections Reasonableness 2012 and 2013 | 2/26/2015 | GT00841 | |
| | | 20 | Delivery Agent 409a Projections Reasonableness 2012_2013_2014 | Undated | GT00842 | |
| | | 21 | Delivery Agent Historical cap tables for 409a | 10/16/2014 | GT00854 | |
| | | 22 | G-1 Consolidation FS worksheets DA and The Band - 1212 as of 102113 | 10/27/2014 | GT00856 | |
| | | 23 | G-1 Consolidation FS worksheets DA The Band and Clean Fu | 9/2/2014 | GT00857 | |
| | | 24 | Historical cap tables_July 2014 | 10/16/2014 | GT00861 | |
| | | 25 | Historical cap tables_Sep_2014 | 10/16/2014 | GT00862 | |
| | | 26 | ASC 718 / 409a Valuation | 2/22/2016 | GT01308 | |
| | | 27 | Recommendation of Value of Certain Securities Issued by Delivery Agent as of 30 September 2015 | 1/15/2016 | GT01484 | |
| | | 28 | Corroborative Calculations of the Equity Securities of Delivery Agent, Inc. | 9/30/2015 | GT01591 | |
| | | 29 | Delivery Agent 409a Projections Reasonableness 2012 and 2013 | 2/26/2015 | GT00841 | |
| | | 30 | Delivery Agent 409a Projections Reasonableness 2012_2013_2014 | Undated | GT00842 | |
| | | 31 | Delivery Agent 409A Projections Reasonableness Q1'I | 3/31/2016 | GT01093 | |
| | | 32 | Summary of Analysis | 3/31/2015 | Connekt 0533925 | |
| | | 33 | Summary of Analysis | 9/1/2015 | Connekt 0489003 | |
| | | 34 | 2016.09.08 - Project Daze - ShopTV  Advanced Ad P | 9/8/2016 | Connekt 0085287 | |
| | | 35 | Advanced revenue graph | 10/22/2015 | Connekt 0006754 | |
| | | 36 | Ad Hoc - ShopTV PL with Inputs from (12Oct16) Optimized Model - 20161019 | 10/19/2016 | Connekt 0078652 | |
| | | 37 | Amended and Restated Convertible Note Purchase Agreement | 3/30/2016 | CONNEKT 0304578 | |
| | | 38 | Financing History Summary - 22Jul15 | 6/18/2015 | BTIG_DA_0009846 | |
| | | 39 | Series F Preferred Stock and Warrant Purchase Agreement | 1/28/2014 | ABDO040574 | |
| | | 40 | Certificate of Secretary of Delivery Agent Inc. | 3/20/2015 | CONNEKT0570613 | |
| | | 41 | Amended and Restated Voting Agreement | 3/20/2015 | CONNEKT0576612 | |