KEITH E. EGGLETON, State Bar No. 159842
RODNEY G. STRICKLAND, State Bar No. 161934
RYAN S. WOLF, State Bar No. 319353
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: keggleton@wsgr.com
rstrickland@wsgr.com
rwolf@wsgr.com

*Attorneys for Defendant Peter J. Goettner*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED JUNE 11, 2014, and JOHN E. ABDO, as Trustee of the JOHN E. ABDO TRUST DATED MARCH 5, 1976,

Plaintiffs,

v.

MICHAEL FITZSIMMONS, PETER LAI, CHRIS G. POWER, PETER J. GOETTNER, CHRISTIAN BORCHER, ERNEST D. DEL, MARC S. YI, JAMES C. PETERS, AND SOUHEIL S. BADRAN,

Defendants.

RISING TIDE I, LLC; RISING TIDE II, LLC,

Plaintiffs,

v.

MICHAEL FITZSIMMONS, PETER LAI, CHRIS G. POWER, PETER J. GOETTNER, CHRISTIAN BORCHER, ERNEST D. DEL, MARC S. YI, JAMES C. PETERS, AND SOUHEIL S. BADRAN,

Defendants.

CASE NO.: 3:17-cv-00851-TSH
CASE NO.: 3:17-cv-01232-TSH

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE**

Pretrial Conference: January 6, 2022

Trial Date: February 7, 2022

**The Outside Directors' and James Peters' Motion in Limine to Exclude Evidence That They Made Material Misstatements Or Had a Duty to Disclose Information To Plaintiffs**

Having considered the Outside Directors' and James Peters' Motion in Limine to Exclude Any Evidence That They Made Material Misstatements Or Had a Duty to Disclose Information To Plaintiffs, and the papers filed on behalf of the parties and after hearing oral argument, hereby orders that Defendants' Motion is **GRANTED**. Plaintiffs shall be precluded from introducing evidence or argument that Souheil Badran, Christian Borcher, Ernest D. Del, Peter J. Goettner, Christopher G. Power, Marc S. Yi (collectively, the "Outside Director Defendants"), or James C. Peters made false statements, omitted information necessary to prevent any person's statement from being materially false or misleading, or owed Plaintiffs any duty to disclose such information. Plaintiffs shall not introduce evidence of facts supporting or argument relating to any false or misleading statements or omissions the Outside Director Defendants or Mr. Peters allegedly made, nor relating to any duty to disclose owed by the Outside Director Defendants or Mr. Peters or their compliance with such duty.

**Defendants' Motion in Limine to Exclude Evidence Of Facts Supporting Or Argument Relating To Claims Against Fitzsimmons Not Previously Pled, Previously Withdrawn, Or Previously Dismissed By The Court**

Having considered Defendants' Motion in Limine to Exclude Evidence of Facts Supporting or Argument Relating To Claims Against Fitzsimmons Not Previously Pled, Previously Withdrawn, or Previously Dismissed By The Court, and the papers filed on behalf of the parties and after hearing oral argument, hereby orders that Defendants' Motion is **GRANTED**.

Plaintiffs shall be precluded from introducing evidence or argument of claims against Mr. Fitzsimmons not pled, previously withdrawn, or previously dismissed, including with respect to the following allegations:

- Plaintiffs shall not introduce evidence or argument that dissemination of Series F purchase documents on "multiple dates throughout 2014 and 2015" to the Abdo Plaintiffs contained alleged misrepresentations or omissions.

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument with respect to alleged statements made by Mr. Fitzsimmons to Ossama Hassanein via dissemination of a press release on or around February 3, 2014.

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument with respect to alleged statements made by Mr. Fitzsimmons to Mr. Hassanein via dissemination of a draft S-1 statement on or around February 20, 2014.

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument with respect to alleged statements made by Mr. Fitzsimmons to Mr. Hassanein via a "Delivery Agent Syndicate Recap" on or around February 20, 2014.

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument with respect to alleged statements made by Mr. Fitzsimmons to Mr. Hassanein via dissemination of the March 14, 2014 financing documents, including the corresponding unanimous written consent.

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument with respect to alleged statements made by Mr. Fitzsimmons to Mr. Hassanein via email on or around August 11, 2014 that Mr. Fitzsimmons' email "omitted . . . (b) the fake Super Bowl sellout, (c) the fabricated data to cover up the fake sellout, (d) DA's management's involvement in directing employees to make misrepresentations to potential investors, (e) the existence of the internal investigation into the Super

Bowl incident and the findings of that investigation, (f) Deloitte's suspension of its work on the Company's audits and that it could no longer trust Company management, or (g) the outside investigation completed by the Bergeson law firm."

________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument that their final investments in Delivery Agent ($1 million by Abdo on April 20, 2016 and $651,805 by Rising Tide on March 30, 2016) are recoverable as "consequential damages."

________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument that alleged representations by Mr. Fitzsimmons that "the Company needed more cash to survive or to achieve a sale of the Company, which, if successful, could have salvaged Plaintiffs' investments" in support of a "consequential damages" theory of recovery.

________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument that Mr. Fitzsimmons is liable for violations of the California Corporations Code, including Sections 25401, 25501, or 25503 of the California Corporations Code.

________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument of the following allegation: "On or about May 26, 2014, Fitzsimmons spoke by telephone to John Abdo, wherein: [] Fitzsimmons told Abdo that it was more likely that DA would file for an IPO in October 2014 than in September 2014"

________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument of the following allegation: "On January 14, 2016, Fitzsimmons emailed John Abdo . . . that DA needed more cash and was exploring selling DA."

________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument of the following allegation: "On or about February 3, 2014, Fitzsimmons stated in a press release that 'H&M kicked off a great campaign during Super Bowl XLVIII to promote their David Beckham Bodywear Collection. That same campaign kicked-off a new paradigm for advertising[.]'"

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument that Mr. Fitzsimmons made misrepresentations or omissions in connection with a May 12, 2014 PowerPoint and draft S-1.

  ________ **GRANTED** or ________ **DENIED**

- Plaintiffs shall not introduce evidence or argument that Mr. Fitzsimmons made misrepresentations or omissions in connection with a January 9, 2015 updated draft S-1.

  ________ **GRANTED** or ________ **DENIED**

**<u>Defendants' Motion in Limine to Exclude Evidence and Argument Relating to Plaintiffs' Incorrect Interpretation of Cal. Corp. Code § 25504</u>**

Having considered Defendants' Directors' Motion in Limine to Exclude Evidence and Argument Relating to Plaintiffs' Incorrect Interpretation of Cal. Corp. Code § 25504, and the papers filed on behalf of the parties and after hearing oral argument, hereby orders that Defendants' Motion is **GRANTED**. Plaintiffs shall not introduce evidence of facts supporting or argument that suggests or implies that Defendants are liable merely because they may have known or should have known of the material facts that were allegedly withheld from Plaintiffs without the additional knowledge or reasonable grounds to believe that such facts were withheld.

**<u>Defendants' Motion in Limine to Exclude Any Evidence or Argument Regarding the Defendants' Fiduciary Duties or Alleged Breach of Fiduciary Duties</u>**

Having considered Defendants' Motion in Limine to Exclude Any Evidence or Argument Regarding the Defendants' Fiduciary Duties or Alleged Breach of Fiduciary Duties, and the papers

filed on behalf of the parties, and after hearing oral argument, hereby orders that Defendants' Motion is **GRANTED**. Plaintiffs shall not introduce evidence of facts supporting or argument relating to Defendants' fiduciary duties or allege that Defendants breached their fiduciary duties.

**IT IS SO ORDERED.**

DATED: __________ __, 20__

_______________________________________

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE